IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LISA A. BIRON (ID#12775-049), | |
| Petitioner, | |
| v. | Civil Action No. 4:14-CV-772-O |
| JODY R. UPTON, Warden, FMC-Carswell, | |
| Respondent. | |

## RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

In her petition for a writ of habeas corpus under 28 U.S.C. § 2241, Lisa A. Biron appeals the decision of a Federal Bureau of Prison (BOP) Disciplinary Hearing Officer (DHO) that disallowed 27 hours of her good conduct time after finding that she violated a court order barring her from contacting her daughter.  She asserts that there is no order barring her from contacting her daughter.  Biron seeks the restoration of the good conduct time and other privileges revoked by the DHO.  The petition, however, should be dismissed because Biron failed to exhaust her administrative remedies.  Alternatively, the petition should be dismissed because her right to due process has not been violated.

## I.  FACTS

On November 14, 2012, in the District of New Hampshire, Biron was charged by indictment with seven criminal offenses, and on November 19, 2012 was ordered detained.  (App. at 72.)  On January 2, 2013, a superseding indictment charged her with one count of transportation of a minor with intent to engage in criminal sexual activity, in

Response in Opposition to Petition for Writ of Habeas Corpus - Page 1

violation of 18 U.S.C. §§ 2423(a) & 2427; six counts of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) & 2256; and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (*Id*. at 70; 73.) On January 3, 2013, the detention order was amended to include the requirement that Biron was not to have any contact "(either direct or indirect) with the minor victim between now and the resolution of this case." (*Id*. at 17.) The "minor victim" is her daughter. (*Id*. at 2,¶ 3.) On January 10, 2013, Biron was found guilty on all counts. (*Id*. at 74.)

On May 23, 2013, the court imposed a sentence of 480 months' imprisonment to be followed by a lifetime term of supervised release. (*Id*. at 6-7.) The court also imposed thirteen special conditions of supervised release. (*Id.* at 9.) Two of those conditions are that Biron "may not directly or indirectly contact the victim or any child under age 18" and that she "may not loiter within 100 yards of any school yard, playground, swimming pool, arcade, or other such place frequented by children." (*Id*.) If she receives all good conduct time projected, it is anticipated that she will be released from BOP custody on November 30, 2047. (*Id*. at 15.)

On May 28 2013, Biron filed a notice of appeal in her criminal case. (*Id*. at 76.) A month later, on July 3, 2014, while reviewing outgoing inmate correspondence, BOP staff opened two letters that Biron had placed into the outgoing mail. (*Id*. at 27, § 11.) The first letter was addressed to her minor daughter-victim. (*Id*.) The second letter, a scanned copy of the first, was addressed to Biron's father. (*Id*.) On July 4, 2014, BOP served Biron with an incident report charging her with a violation of prohibited act code 296 for use of mail in violation of policy. (*Id*. at §§ 9-10; 12.) The investigating officer

Response in Opposition to Petition for Writ of Habeas Corpus - Page 2

advised her of her right to remain silent throughout the disciplinary process. (*Id*. at 28, §§ 23-24.) She chose to make a statement to the investigating officer that "[t]here is no court order." (*Id*. at 28, § 24.) The investigating officer concluded his investigation and forwarded the incident report to the Unit Disciplinary Committee (UDC) on July 4, 2014. (*Id*. at § 27.)

On July 9, 2014, based on the severity of the charge, the UDC referred the charge to the DHO. (*Id*. at 27, § 18-21.) On that same day, Biron was provided with written notice that she was charged with a violation of code 296, use of mail in violation of policy and was advised of her rights at the DHO hearing. (*Id*. at 38-40.)

The DHO conducted Biron's DHO hearing on July 31, 2014. (*Id*. at 42, § I.B.) The DHO considered the evidence presented, including: Biron's statement to the DHO that, "There is a no contact order on her,[1] I can write her, she is my daughter, they have no right to keep me from writing my daughter, they don't have jurisdiction to write up a 'no contact' order"; the reporting officer's written statement as recorded in the incident report; copies of the mail being sent to Rachel Biron (Biron's daughter??); the Magistrate Judge's order in Criminal Case No. 12-cr-J40-1-PB prohibiting contact between Biron and her minor victim until the resolution of the case; and an email from the U.S. Attorney's Office dated October 10, 2013, stating that the case was not resolved and that the order remains in effect while the appeal is pending. (*Id*. at 42, § III.B.; 43-44, § V; 29-36.)

---

[1] This was likely an erroneous transcription that should read, "There is *not* a no contact order on her."

**Response in Opposition to Petition for Writ of Habeas Corpus - Page 3**

Based on the greater weight of the evidence, the DHO found Biron guilty of a violation of prohibited act code 296, use of the mail for abuses other than criminal activity which circumvent mail monitoring. (*Id*. 44, § V.) The DHO sanctioned Biron with disallowance of 27 days of good conduct time, loss of phone privileges for 90 days, loss of commissary privileges for 90 days, loss of email privileges for 90 days, and 15 days of disciplinary segregation. (*Id*. at § VI.) The DHO suspended the 15 days of disciplinary segregation pending 180 days of clear conduct. (*Id*.)

Biron appealed the DHO hearing to the Regional Director on September 8, 2014. (*Id*. at 3, ¶ 13; 50.) Eleven days later, on September 19, 2014, she filed the instant petition for writ of habeas corpus. (Doc. 1 at 1.)

On October 17, 2014, in Response to the appeal of her DHO sanctions, the Regional Director informed Biron that he had "direct[ed] the DHO to conduct a reconsideration in this case." (*Id*. at 52.) Biron was told that if, after reconsideration, she was still dissatisfied with the results, she could file another appeal to the Regional Office. (*Id*.) That reconsideration has not yet been completed. Biron has not filed any other administrative remedy regarding this DHO hearing. (*Id*. at 3, ¶ 13; 50.) On November 14, 2014, the United States Court of Appeals for the First Circuit affirmed the judgment of the district court in Biron's criminal case. (*Id*. at 54.)

## II.  BIRON FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

The Fifth Circuit has held that a section 2241 applicant "must first exhaust h[er] administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Mayberry v. Pettiford*, 74 F. App'x. 299 (5th Cir. 2003). For the

appeal of prison disciplinary proceedings which took place before a DHO, BOP provides a two-level administrative appeal process. This process is initiated by the inmate with the filing of a Regional Administrative Remedy Appeal within 20 days of receiving the DHO report. 28 C.F.R. § 542.14(d)(2). The Regional Director is afforded 30 days to respond to the appeal with an opportunity for one 30-day extension. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Regional Director's response, she may submit a Central Office Administrative Remedy Appeal to the BOP's Office of General Counsel within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). The Office of General Counsel is afforded 40 days to respond, with the option for one 20-day extension. 28 C.F.R. § 542.18. The Appeal to the Office of General Counsel is the final administrative appeal. An inmate is not deemed to have exhausted her administrative remedies with respect to a disciplinary appeal until she has been denied relief by both the Regional Director and General Counsel.

Here, Biron filed an administrative appeal of the DHO decision with the South Central Regional Office on September 8, 2014. Biron filed this petition on September 19, 2014, 49 days before the end of the period the Regional Director had to respond to the appeal. Biron did not file any appeal to the Central Office. Biron, therefore, has not exhausted her administrative remedies.

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and the petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *Fuller v. Rich*, 11 F.3d 47, 62 (5th Cir. 1993). Here, Biron does not even assert that it would be futile to exhaust her administrative remedies.

Response in Opposition to Petition for Writ of Habeas Corpus - Page 5

Further, the requirement to exhaust is not new to her.  She has already been instructed once by the United States District Court for the Northern District of Texas that she needs to exhaust her administrative remedies with the BOP prior to seeking judicial relief regarding the disallowance of good conduct time.  Biron filed a section 2241 petition on August 6, 2014, challenging the same July 31, 2014, DHO proceeding that she challenges in the instant petition.  (*Id*. at 3, ¶ 16; 56.)    In that prior habeas petition, she requested restoration of her good conduct time, among other things.  (*Id.* at 58.)  That petition was dismissed without prejudice on August 15, 2014, for failure to exhaust her administrative remedies.  (*Id*. at 3, ¶ 17; 62.)  Biron filed a motion to vacate the dismissal, attempting to justify her failure to exhaust, which was denied by the court on September 1, 2014.  (*Id*. at 3, ¶ 17; 68.)  By filing a second habeas petition challenging the same DHO proceeding while still failing to exhaust her administrative remedies, Biron has displayed her disregard for the court's prior orders and is now knowingly wasting the court's time and resources.  This petition should be dismissed.

### III.  ALTERNATIVELY, BIRON'S RIGHT TO DUE PROCESS HAS NOT BEEN VIOLATED.

Inmates who face the loss of good conduct time credits in prison disciplinary proceedings are entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  Biron was found guilty of committing a prohibited act after a constitutionally-appropriate discipline hearing in which the DHO provided her with all process to which she was entitled.  Thus, she is not entitled to any restoration of good conduct time.

In *Wolff v. McDonnell*, the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing which results in a sanction affecting a liberty interest. An inmate charged with a violation must be given: (1) advance written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence when the exercise of such rights would not be unduly hazardous to institution safety or correctional goals; (3) the opportunity to receive the assistance of a staff or inmate lay advocate in certain situations; and (4) a written statement by the factfinder as to the evidence relied on for the decision, and the reasons for the action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Biron was afforded all of these due process protections during the disciplinary process. She does not assert otherwise.

Upon review of a prison disciplinary action, a court must simply consider whether the decision of the prison authority was supported by "some facts" or "any evidence at all." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Due process does not require that the evidence in such a proceeding eliminate all other possible conclusions. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985).

"Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. That is, if there are "some facts" or "any evidence at all" that support the action taken by prison officials, their decision must be upheld on federal habeas review. *Smith*, 659 F.2d

at 545. The reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). "Federal courts cannot retry every prison disciplinary dispute; rather the court may only act where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

      The DHO stated in his report that he had relied upon the reporting officer's statement as recorded in the incident report, Biron's statement during the hearing admitting that she had sent the mail, the court order in Criminal Case No. 12-cr-140-1-PB which prevented contact between Biron and her minor victim until the resolution of the case, and an opinion of the U.S. Attorney's Office from October 10, 2013, that the case was still unresolved due to Biron's ongoing appeal.

      In this case, the DHO relied upon sufficient evidence to support his finding that Biron had committed the prohibited act charged. Biron was charged with a violation of BOP prohibited act code 296, use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures. The Code of Federal Regulations lists a variety of examples of activities that are considered to be violations of code 296, including directing others to send, sending, or receiving a letter or mail through unauthorized means, and sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person. 28 C.F.R. § 541.3, Table 1.

      The DHO met the "some evidence" standard by relying on the staff member's statement as contained in the incident report. The staff member stated that she

intercepted a letter addressed to Biron's victim and a scanned copy of that letter addressed to Biron's father at a post office box. In the letter to her victim, Biron noted that she was scanning the letter to ensure that the victim would get a copy. She also wrote that she had sent multiple letters to the victim "at the P.O. Box" and inquired as to whether the victim had received the letters. Thus, the copy of the letter Biron sent to her father was evidence that Biron was using a third party to send mail to an unauthorized person, in violation of BOP rules and was "some evidence" to support a finding that Biron had committed the prohibited act. Although Biron did not explicitly instruct her father to mail the letter to the victim, that intent could be inferred from the content of the letter to her daughter and the duplicate copy addressed to her father.

As the Supreme Court noted in *Hill*, the "Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Here, the evidence was enough to support the finding of the DHO that Biron attempted to circumvent mail monitoring procedures in violation of BOP policy.

Further, there was additional evidence to sustain the DHO's finding that Biron committed a violation of code 296. The DHO relied on the letters that were intercepted, the "no contact" provision of the Magistrate Judge's pretrial detention order, and an opinion of the U.S. Attorney's office that the "no contact" provision remained in effect as long as Biron's appeal was pending. At the time of the DHO hearing, Biron's criminal appeal was still pending, as it was not denied until November 14, 2014, three and one-half months after the hearing.

**Response in Opposition to Petition for Writ of Habeas Corpus - Page 9**

At the DHO hearing, Biron admitted placing the letters in the mail, although she expressed her opinion that the "no contact" order was not active.[2] While Biron's opinion was considered, the DHO was not obligated to rely upon it. Instead, he considered the opinion as evidence, but found, based on the greater weight of the evidence, as noted above, that Biron committed the prohibited act.[3]

## VI.  CONCLUSION

The petition should be dismissed because Biron failed to exhaust administrative remedies. Alternatively, the petition should be dismissed because Biron was not denied due process during her DHO hearing.

>   Respectfully submitted,
>
>   SARAH R. SALDAÑA
>   UNITED STATES ATTORNEY
>
>   */s/ Angie L. Henson*
>   ANGIE L. HENSON
>   Assistant United States Attorney
>   Tex. Bar No. 09492900
>   1100 Commerce Street, Third Floor
>   Dallas, TX  75242-1699
>   Telephone:  214-659-8600
>   Facsimile:   214-659-8807
>   Angie.henson@usdoj.gov

---

[2] Biron has repeatedly attempted to litigate the legal effect of the "no contact" provision of the Magistrate Judge's detention order. However, this habeas petition is not an appropriate means for her to bring her claim that the order has no legal effect. To the extent that Biron wishes to raise that argument, she may not do so in this challenge to the DHO sanctions.

[3] Biron also seeks restoration of the loss of her telephone, email, and commissary privileges. But loss of these privileges does not implicate due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Watkins v. Lnu*, 2013 WL 5977683, *1 (5th Cir. April 23, 2013) ; *Ballard v. Pierce*, 401 F. App'x 993, 994 (5th Cir. 2010). These claims, therefore are not cognizable in a section 2241 petition.

**Response in Opposition to Petition for Writ of Habeas Corpus - Page 10**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2014, a copy of this document was served on Lisa A. Biron, Reg. No. 12775-049, Plaintiff *Pro Se*, at FMC Carswell, P.O. Box 27137, Fort Worth, Texas  76127, by first class mail.

                                      */s/ Angie L. Henson*
                                      ANGIE L. HENSON
                                      Assistant United States Attorney