IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA A. BIRON (ID#12775-049),

        Petitioner,

v.                                  Civil Action No. 4:14-cv-772-O

JODY R. UPTON, Warden,
FMC-Carswell,

        Respondent.

**APPENDIX IN SUPPORT OF RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

**EXHIBITS**                                         **Appendix Pages**

A.  Declaration of Maria Martinez ..............................................................................001-004

    1.  Judgment in a Criminal Case, District of New Hampshire, Case Number 12-cr-140-01-PB............................................................................005-011

    2.  SENTRY Public Information Inmate Data .................................................012-015

    3.  No Contact Order dated January 3, 2013, District of New Hampshire, Criminal No. 12-cr-140-1-PB.......................................................................016-017

    4.  PACER General Docket, District Court of Appeal for the First Circuit, Docket No. 13-1698 ........................................................................................018-025

    5.  BOP Incident Report dated July 4, 2014......................................................026-036

    6.  BOP Notice of Discipline Hearing bebore the DHO ...................................037-038

    7.  BOP Inmate Rights at Discipline Hearing ...................................................039-040

    8.  BOP Disciplinary Hearing Officer Report ...................................................041-044

9.   SENTRY Administrative Remedy Generalized Retrieval ...........................045-050

10.   J.A. Keller, Regional Director, response dated October 17, 2014 ...............051-052

11.   Judgment, U.S. Court of Appeals for the First Circuit, *United States v. Lisa Biron*, No. 13-1698, dated November 14, 2014 ....................................053-054

12.   Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, Northern District of Texas, Fort Worth Division, Case No. 4-14-CV-627-A..............055-060

13.   Memorandum Opinion and Order, Northern District of Texas, Fort Worth Division, Case No. 4:14-CV-627-A, dated August 15, 2014 ............061-066

14.   Order Denying Motion to Vacate, Northern District of Texas, Fort Worth Division, Case No. 4:14-CV-627-A, dated September 1, 2014 .......................................................................................067-069

B.   District of New Hampshire, Concord Division, Criminal Docket, Case No. 1:12-cr-00140-PB-1...............................................................................070-079

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*/s/ Angie L. Henson*
ANGIE L. HENSON
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, TX  75242-1699
Texas Bar No. 09492900
Telephone:  214.659.8600
Facsimile:   214.659.8807
Email:  Angie.henson@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2014, a copy of this document was served

on Lisa A. Biron, Reg. No. 12775-049, Plaintiff *Pro Se*, at FMC – Carswell, P.O. Box

27137, Fort Worth, Texas 76127, by first class mail.

*/s/ Angie L. Henson*
ANGIE L. HENSON
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| LISA A. BIRON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **CIVIL ACTION NO. 4:14-cv-772-O** |
| | ) |
| JODY R. UPTON, Warden | ) |
| FMC CARSWELL | ) |
| | ) |
| | ) |
| Respondent. | ) |

## DECLARATION OF MARIA MARTINEZ

In accordance with the provisions of 28 U.S.C. § 1746, I, the undersigned Maria Martinez, do

hereby make the following declaration pertinent to the above styled cause of action:

1. I, Maria Martinez, am the Legal Assistant at the Federal Medical Center in Fort Worth, Texas (FMC Carswell).

2. In this position, I have access to official records compiled and maintained by the Federal Bureau of Prisons (BOP), many of which are located in the BOP computerized records (SENTRY), Bureau Electronic Medical Records (BEMR), and inmate files. I also have access to the Public Access to Court Electronic Records (PACER).

3. I have reviewed Petitioner's Presentence Investigation Report (PSR).[1] That document indicates that the Magistrate Judge added the "no contact" provision to the already existing pretrial detention order on January 3, 2013, after the U.S. Attorney's Office reported that Ms. Biron had made phone calls to her daughter and attempted to coerce her

---

[1] The PSR is not attached to this declaration because inmates are prohibited from obtaining or possessing photocopies of their PSRs. This prohibition is intended to protect inmates from being coerced by fellow inmates to produce their PSRs for illicit purposes. Inmates are permitted to view their PSRs upon request. *See* BOP Program Statement 1351.05, Release of Information.

into providing false and or misleading information to law enforcement officials. The document also lists Petitioner's minor daughter as the sole victim of Petitioner's crimes.[2]

4. I certify that the attached documents are true and accurate copies of official records received, compiled and maintained in the ordinary course of business by the BOP.

5. Attached hereto as Attachment 1 is a true and accurate copy of the United States District Court for the District of New Hampshire, United States v. Lisa Biron, Case Number 12-CR-140-01-PB, Judgment in a Criminal Case, pertaining to Petitioner.

6. Attached hereto as Attachment 2 is a true and accurate copy of the SENTRY computer generated Public Information Inmate Data, pertaining to Petitioner.

7. Attached hereto as Attachment 3 is a true and accurate copy of the United States District Court for the District of New Hampshire, United States v. Lisa Biron, Case Number 12-CR-140-01-PB, Order, dated January 3, 2013, pertaining to Petitioner.

8. Attached hereto as Attachment 4 is a true and accurate copy of the PACER General Docket, United States Court of Appeals for the First Circuit, Docket No. 13-1698, pertaining to Petitioner.

9. Attached hereto as Attachment 5 is a true and accurate copy of Incident Report Number 2602170, dated July 4, 2014, pertaining to Petitioner.

10. Attached hereto as Attachment 6 is a true and accurate copy of the Notice of Discipline Hearing Before the DHO, dated July 9, 2014, pertaining to Petitioner.

11. Attached hereto as Attachment 7 is a true and accurate copy of the Inmate Rights at Discipline Hearing, dated July 9, 2014, pertaining to Petitioner.

---

[2] Because Ms. Biron's daughter is a minor and not a party to this petition, her name is being omitted from this declaration.

2

12. Attached hereto as Attachment 8 is a true and accurate copy of Discipline Hearing Officer Report, dated July 31, 2014, pertaining to Petitioner.

13. Attached hereto as Attachment 9 is a true and accurate copy of the SENTRY computer generated Administrative Remedy Generalized Retrieval pertaining to Petitioner, containing record of every Administrative Remedy she has filed during her BOP confinement. It indicates that Petitioner filed an administrative appeal of the July 31, 2014, DHO hearing with the BOP's South Central Regional Office on September 8, 2014, and received a response on October 17, 2014. This document also indicates that Petitioner has not filed any other administrative appeals regarding the July 31, 2014, DHO hearing.

14. Attached hereto as Attachment 10 is a true and accurate copy of the Response of J.A. Keller, Regional Director, dated October 17, 2014, pertaining to Petitioner.

15. Attached hereto as Attachment 11 is a true and accurate copy of the United States Court of Appeals for the First Circuit, United States v. Lisa Biron, No. 13-1698, Judgment, dated November 14, 2014, pertaining to Petitioner.

16. Attached hereto as Attachment 12 is a true and accurate copy of the United States District Court for the Northern District of Texas, Biron v. Upton, Case No. 4-14-CV-627-A, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed August 6, 2014, pertaining to Petitioner.

17. Attached hereto as Attachment 13 is a true and accurate copy of the United States District Court for the Northern District of Texas, Biron v. Upton, Case No. 4-14-CV-627-A, Memorandum Opinion and Order, filed August 15, 2014, pertaining to Petitioner.

3

18. Attached hereto as <u>Attachment 14</u> is a true and accurate copy of the United States District Court for the Northern District of Texas, Biron v. Upton, Case No. 4-14-CV-627-A, Order, filed September 1, 2014, pertaining to Petitioner.

I declare under the penalty of perjury, the foregoing is true and accurate to the best of my knowledge, pursuant to the penalties of perjury at 28 U.S.C. § 1746.

Executed on this 17th day of November 2014.

Maria Martinez
Legal Assistant
FMC Carswell
Fort Worth, Texas 76127

4

# Attachment 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

Lisa Biron

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 12-cr-140-01-PB

**James Moir, Esq.**
Defendant's Attorney

## THE DEFENDANT:

☐  pleaded guilty to count(s): __.
☐  pleaded nolo contendere to count(s) __ which was accepted by the court.
☒  was found guilty on count(s) 1s-8s of the Superseding Indictment after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §2423(a) and 2427 | Transportation with intent to engage in criminal sexual activity | May 23, 2013 | 1s |
| 18 U.S.C. §2251(a) and 2256 | Sexual Exploitation of Children | May 23, 2013 | 2s-7s |
| 18 U.S.C. §2252A(a)(5)(B) | Possession of child pornography | May 23, 2013 | 8s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) __ and is discharged as to such count(s).

☐  Count(s) dismissed on motion of the United States: __.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 23, 2013
Date of Imposition of Judgment

Signature of Judicial Officer

Paul Barbadoro
United States District Judge
Name & Title of Judicial Officer

Date

CASE NUMBER: 12-cr-140-01-PB
DEFENDANT: Lisa Biron

Judgment - Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **480 months.**

**This term of 480 months on Count One, 360 months on Counts Two through Seven, and 120 months on Count Eight. All such terms to run currently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**That the defendant participate in a sex offender treatment program while incarcerated, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
☐ on __ at __.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before __ on __.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshall

AO 245B (Rev. 09/11) Judgment in a Criminal Case - Sheet 3 - Supervised Release

CASE NUMBER:   12-cr-140-01-PB                                            Judgment - Page 3 of   6
DEFENDANT:     Lisa Biron

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __Life__ .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant is required to register initially, and to keep this registration current, in each jurisdiction where the defendant resides, works, and attends school.  In addition, for initial registration purposes only, the defendant must register in the jurisdiction where he is convicted, if he does not reside in that jurisdiction.  The defendant must initially register before completing imprisonment.

*Pursuant to 42 U.S.C. § 14135a, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.*

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.   The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable)

☒  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;
2)   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   The defendant shall support his or her dependents and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 09/11) Judgment in a Criminal Case - Sheet 3 - Supervised Release

CASE NUMBER: 12-cr-140-01-PB

DEFENDANT: Lisa Biron

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent she is able as determined by the probation officer.

The defendant shall neither possess nor have under her control any material depicting sexually explicit conduct as that term is defined in 18 U.S.C. § 2256(2) involving adults or children. This includes but is not limited to any 'matter' obtained through access to any computer or any material linked to computer access or use.

The defendant shall maintain a complete, current inventory of her computer access including but not limited to any bills pertaining to computer access, telephone bills used for modem access, or other charges accrued in the use of a computer. The defendant shall submit a monthly record of computer use and bills to the probation officer and shall provide the probation officer with any on-line screen names or passwords she uses. The defendant shall not use any software designed for the purpose of encryption or wiping computer disk space and/or drives.

The defendant shall participate in a sex offender specific assessment as directed by the supervising officer.

The defendant must participate in a specialized sex offender treatment program that may include use of a plethysmograph. The defendant shall pay for the cost of treatment to the extent she is able as determined by the probation officer.

The defendant must submit to polygraph examination as a containment strategy for the management of sex offenders.

The defendant may not directly or indirectly contact the victim or any child under age 18; and, may not loiter within 100 yards of any school yard, playground, swimming pool, arcade, or other such place frequented by children.

The defendant may not loiter within 100 yards of any school yard, playground, swimming pool, arcade, or other such place frequented by children.

The defendant may not use sexually-oriented telephone numbers or services.

The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed.
The defendant's place of residence may not be within 100 yards of any park, playground, public pool, or any business or facility operated principally for the care, control, custody or supervision of, or use by minor children.

The defendant is barred from the use of the internet and all media devices with interactive computer service, as defined in U.S.C. § 230(f), without prior approval of the probation officer.

The defendant shall consent to the installation of systems that will enable the probation office or its designee to monitor computer use on any computer owned or controlled by the defendant. The defendant shall pay for the cost of the installation of such systems to the extent she is able as determined by the probation officer.

The defendant shall submit her person, residence, office, or vehicle to a search conducted by a U.S. Probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed)

_____          _____
Defendant                                 Date

_____          _____
U.S. Probation Officer/ Designated Witness          Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case- Sheet 5, Criminal Monetary Penalties

| CASE NUMBER: | 12-cr-140-01-PB | Judgment - Page 5 of 6 |
| DEFENDANT: | Lisa Biron | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | Assessment | Fine | Restitution |
| --- | --- | --- | --- |
| Totals: | $800.00 | | |

☐  The determination of restitution is deferred until .  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
| --- | --- | --- | --- |
| | | | |
| TOTALS: | $    0.00 | $    0.00 | |

☐   If applicable, restitution amount ordered pursuant to plea agreement.

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).   All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   The interest requirement is waived for the      ☐ fine    ☐ restitution.

☐   The interest requirement for the      ☐ fine and/or    ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev 09/11) Judgment in a Criminal Case - Sheet 6 - Schedule of Payments

CASE NUMBER:   12-cr-140-01-PB
DEFENDANT:   Lisa Biron

Judgment - Page 6 of  6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☒   Lump sum payment of $ 800 due immediately.

       ☐ not later than _, or
       ☐ in accordance with   ☐ C,   ☐ D, or ☐ E   below;   or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   or ☐ E   below); or

C   ☐   Payment in   installments of $ over a period of   , to commence   days after release from imprisonment to a term of supervision; or

D   ☐   Within thirty days of the commencement of supervision, payments shall be made in equal monthly installments of $ during the period of supervised release, and thereafter.

E   ☐   Special instructions regarding the payment of criminal monetary penalties:


Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301.   Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court.   Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order  (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs

# Attachment 2

```
  CRWIP           *         PUBLIC INFORMATION        *      11-17-2014
PAGE 001           *            INMATE DATA           *      08:59:38
                                AS OF 11-17-2014


REGNO..: 12775-049 NAME: BIRON, LISA

                    RESP OF: CRW
                    PHONE..: 817-782-4000      FAX: 817-782-4875
                                               RACE/SEX...: WHITE / FEMALE
                                               AGE:  45
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 11-30-2047                        PAR HEAR DT:




G0002        MORE PAGES TO FOLLOW . . .
```

```
  CRWIP           *        PUBLIC INFORMATION          *      11-17-2014
PAGE 002          *          INMATE DATA               *      08:59:38
                            AS OF 11-17-2014


REGNO..: 12775-049 NAME: BIRON, LISA


                    RESP OF: CRW
                    PHONE..: 817-782-4000    FAX: 817-782-4875
HOME DETENTION ELIGIBILITY DATE: 05-30-2047

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-30-2047 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------


COURT OF JURISDICTION...........: NEW HAMPSHIRE
DOCKET NUMBER...................: 12-CR-140-01-PB
JUDGE..........................: BARBADORO
DATE SENTENCED/PROBATION IMPOSED: 05-23-2013
DATE COMMITTED..................: 06-04-2013
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:   $800.00        $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:   512
OFF/CHG: 18:2423(A)&2427 TRANSPORTATION WITH INTENT TO ENGAGE IN
         CRIMINAL SEXUAL ACTIVITY (CT1); 18:2251(A)&2256 SEXUAL
         EXPLOITATION OF CHILDREN (CTS2-7); 18:2252A(A)(5)(B)
         POSSESSION OF CHILD PORNOGRAPHY (CT8)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    480 MONTHS
 TERM OF SUPERVISION............: LIFE
 DATE OF OFFENSE................: 05-23-2013




G0002      MORE PAGES TO FOLLOW . . .
```

```
  CRWIP       *            PUBLIC INFORMATION              *     11-17-2014
PAGE 003 OF 003 *              INMATE DATA                  *     08:59:38
                            AS OF 11-17-2014


REGNO..: 12775-049 NAME: BIRON, LISA

                    RESP OF: CRW
                    PHONE..: 817-782-4000    FAX: 817-782-4875
-----------------------CURRENT COMPUTATION NO: 010 ------------------------


COMPUTATION 010 WAS LAST UPDATED ON 08-06-2014 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-03-2013 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010


DATE COMPUTATION BEGAN..........: 05-23-2013
TOTAL TERM IN EFFECT............:    480 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     40 YEARS
EARLIEST DATE OF OFFENSE........: 05-23-2013


JAIL CREDIT.....................:    FROM DATE        THRU DATE
                                     10-09-2012       10-09-2012
                                     11-16-2012       05-22-2013


TOTAL PRIOR CREDIT TIME.........: 189
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1811
TOTAL GCT EARNED................: 27
STATUTORY RELEASE DATE PROJECTED: 11-30-2047
EXPIRATION FULL TERM DATE.......: 11-14-2052
TIME SERVED.....................:      2 YEARS       3 DAYS
PERCENTAGE OF FULL TERM SERVED..:    5.0

PROJECTED SATISFACTION DATE.....: 11-30-2047
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
  G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

# Attachment 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                        Criminal No. 12-cr-140-1-PB

Lisa Biron

## O R D E R

Following defendant's arraignment on the superseding indictment, the government requested the court add a "no contact" provision to its detention order (doc. no. 5).  The court grants the government's request.  Defendant shall have no contact (either direct or indirect) with the minor victim between now and the resolution of this case.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

January 3, 2013

cc:    James H. Moir, Esq.
        Helen W. Fitzgibbon, Esq.
        John Paul Kacavas, Esq.
        United States Marshal
        United States Probation

# Attachment 4

**General Docket**
**United States Court of Appeals for the First Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 13-1698 | **Docketed:** 06/03/2013 |
| US v. Biron | **Termed:** 11/14/2014 |
| **Appeal From:** District Court of New Hampshire, Concord | |
| **Fee Status:** in forma pauperis | |

**Case Type Information:**
  1) criminal
  2) conviction and/or sentence
  3) -

**Originating Court Information:**
  **District:** 0102-1 : 1:12-cr-00140-PB-1                                          **Lead:** 1:12-cr-00140-PB-1
  **Court Reporter:** Sandra Bailey
  **Court Reporter:** FTR - NH
  **Ordering Judge:** Paul J. Barbadoro, U.S. District Judge
  **Trial Judge:** Daniel J. Lynch, Magistrate Judge
  **Trial Judge:** Landya B. McCafferty, Magistrate Judge
  **Date Filed:** 11/14/2012

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 05/28/2013 | 05/28/2013 | 05/28/2013 | 05/29/2013 |

**Prior Cases:**
  None

**Current Cases:**
  None

**Panel Assignment:**     Not available

| | |
|---|---|
| UNITED STATES | Seth R. Aframe |
| Appellee | Direct: 603-230-2532 |
| | [COR NTC Federal Government] |
| | US Attorney's Office |
| | 53 Pleasant St |
| | 4th Flr |
| | Concord, NH 03301 |
| | |
| | Donald A. Feith |
| | Direct: 603-225-1552 |
| | Fax: 603-225-1470 |
| | [NTC Federal Government] |
| | US Attorney's Office |
| | 4th floor |
| | 53 Pleasant St |
| | 4th Flr |
| | Concord, NH 03301 |
| | |
| | Helen White Fitzgibbon |
| | Direct: 603-225-1552 |
| | Fax: 603-225-1470 |
| | [NTC Federal Government] |
| | US Attorney's Office |
| | 53 Pleasant St |
| | 4th Flr |
| | Concord, NH 03301 |
| | |
| | John Paul Kacavas |
| | Direct: 603-230-2502 |
| | [COR NTC Federal Government] |
| | US Attorney's Office |
| | 53 Pleasant St |
| | 4th Flr |
| | Concord, NH 03301 |
| v. | |
| | |
| LISA BIRON (Federal Prisoner: 12775-049; State Prisoner: 12775- | Lisa Biron |
| 049) | [NTC Pro Se] |
| Defendant - Appellant | FMC Carswell |

P.O. Box 27137
Fort Worth, TX 27137-0000

UNITED STATES

Appellee

v.

LISA BIRON

Defendant - Appellant

| Date | | Description |
|------|---|-------------|
| 06/03/2013 | 27 pg, 903.62 KB | CRIMINAL CASE docketed. Notice of appeal (doc. #45) filed by Appellant Lisa Biron. Docketing Statement due 06/17/2013. Transcript Report/Order form due 06/17/2013. Appearance form due 06/17/2013. [13-1698] (LB) |
| 06/03/2013 | 1 pg, 268.39 KB | NOTICE of appearance on behalf of Appellee US filed by Attorney Seth R. Aframe, AUSA. Certificate of service dated 06/03/2013. [13-1698] (SRA) |
| 06/03/2013 | | PRESENTENCE report received and filed [UNDER SEAL]. [13-1698] (LB) |
| 06/06/2013 | 2 pg, 42.49 KB | FORM for selection of counsel on appeal filed by Appellant Lisa Biron requesting the appointment of new counsel. [13-1698] (LB) |
| 06/07/2013 | 3 pg, 279.65 KB | PLEADING tendered: CJA 24 and Transcript order form filed by Appellant Lisa Biron. Not processed because new attorney to be appointed. [13-1698] (LB) |
| 06/10/2013 | 7 pg, 140.07 KB | ORDER appointing counsel. The court appoints Attorney Richard B. Klibaner for Lisa Biron, in case 13-1698. Docketing statement due 07/01/2013. Transcript Report/Order Form due 07/01/2013. [13-1698] (LB) |
| 06/26/2013 | 2 pg, 91.56 KB | Mail returned as undeliverable to Appellant Lisa Biron. Copy of June 10, 2013 order. Forwarded to Reg. No. 12775-049, FCI Danbury, Route 37, Danbury, CT 06811. [13-1698] (LB) |
| 07/01/2013 | 4 pg, 311.27 KB | DOCKETING statement filed by Appellant Lisa Biron. Certificate of service dated 07/01/2013. [13-1698] (RBK) |
| 07/01/2013 | 3 pg, 103.22 KB | CJA FORM 24 and transcript order form filed by Appellant Lisa Biron. Certificate of service dated 07/01/2013. [13-1698] (RBK) |
| 07/11/2013 | 2 pg, 8.84 KB | NOTICE issued. The following attorney has failed to register for an appellate ECF account and will no longer receive notice of court issued documents in this case: John Paul Kacavas for US. [13-1698] (TS) |
| 07/23/2013 | 5 pg, 203.21 KB | TRANSCRIPT report/order form filed by Appellant Lisa Biron indicating the following transcripts are being ordered: 01/08/2013, Voir Dire; 01/09/2013, Op. Stmt. Pl.; 01/09/2013, Op. Stmt. Def; 01/09/2013, Trial, Day 1; 01/10/2013, Trial, Day 2; 01/10/2013, Cl. Arg. Pl.; 01/10/2013, Cl. Arg. Def.; 01/10/2013, Jury Instructions; 05/23/2013, Sentencing. Payment was authorized under the Criminal Justice Act. Transcript(s) due 09/23/2013 from Court Reporter Sandra Bailey. [13-1698] (TS) |
| 08/23/2013 | 1 pg, 5.95 KB | ORDER extending time to pay filing fee to 09/20/2013. [13-1698]. CLERK'S NOTE: Docket entry was docketed in the wrong case. Please disregard. ORDER. [13-1698] (DB) |
| 09/13/2013 | | NOTICE of filing the following transcript(s) in district court by Court Reporter Sandra Bailey: 05/23/2013, Sentencing; 01/09/2013, Op. Stmt. Pl.; 01/09/2013, Op. Stmt. Def; 01/09/2013, Trial, Day 1; 01/10/2013, Trial, Day 2; 01/10/2013, Cl. Arg. Pl.; 01/10/2013, Cl. Arg. Def.; 01/10/2013, Jury Instructions; 01/08/2013, Voir Dire. In accordance with Judicial Conference Policy, the transcript will not be available to the public by remote electronic access for ninety days after the filing date. During that ninety day period, the transcript may be purchased through the court reporter or viewed at the public terminal at the district court. [13-1698] (TS) |
| 09/13/2013 | 9 pg, 246.21 KB | BRIEFING schedule set. Brief and Appendix due 10/23/2013 for appellant Lisa Biron. Pursuant to F.R.A.P. 31(a), appellee's brief will be due 30 days following service of appellant's brief and appellant's reply brief will be due 14 days following service of appellee's brief. [13-1698] (TS) |
| 09/20/2013 | 1 pg, 39.22 KB | NOTICE of appearance on behalf of Appellee US filed by Attorney John P. Kacavas. Certificate of service dated 09/20/2013. [13-1698] (JPK) |
| 10/23/2013 | 2 pg, 37.09 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 10/23/2013. [13-1698] (RBK) |
| 10/24/2013 | 1 pg, 6.69 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 12/13/2013 for appellant Lisa Biron. [13-1698] (TS) |
| 12/13/2013 | 3 pg, 38.84 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 12/13/2013. [13-1698] (RBK) |
| 12/13/2013 | 1 pg, 6.82 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 01/10/2014 for appellant Lisa Biron. We are disinclined to grant a request for further enlargement of this deadline. [13-1698] (TS) |
| 01/10/2014 | 2 pg, 36.18 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 01/10/2014. [13-1698] (RBK) |
| 01/13/2014 | 1 pg, 6.8 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 01/24/2014 for appellant Lisa Biron. We are disinclined to grant a request for further enlargement of this deadline. [13-1698] (TS) |
| 01/24/2014 | 3 pg, 28.54 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 01/24/2014. [13-1698] (RBK) |

| 01/27/2014 | 1 pg, 5.98 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 02/11/2014 for appellant Lisa Biron. [13-1698] (TS) |
| 02/07/2014 | 2 pg, 299.68 KB | LETTER filed by Appellant Lisa Biron requesting copy of docket sheet. [13-1698] (TS) |
| 02/11/2014 | 2 pg, 27.91 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 02/11/2014. [13-1698] (RBK) |
| 02/12/2014 | 1 pg, 6.1 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 02/28/2014 for appellant Lisa Biron. We are disinclined to grant a request for further enlargement of this deadline. [13-1698] (TS) |
| 02/26/2014 | 1 pg, 6.51 KB | LETTER sent to Appellant Lisa Biron enclosing a copy of the docket sheet. . [13-1698] (TS) |
| 02/26/2014 | 3 pg, 799.91 KB | LETTER filed by Appellant Lisa Biron regarding her prison conditions and requesting stay of appellate proceedings. [13-1698]. CLERK'S NOTE: Docket entry was edited to modify the docket text. [13-1698] (TS) |
| 02/28/2014 | 2 pg, 27 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 02/28/2014. [13-1698] (RBK) |
| 03/03/2014 | 1 pg, 6.16 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 03/14/2014 for appellant Lisa Biron. We note the briefing schedule was set on September 13, 2013. Accordingly, no further extension of this deadline should be expected. [13-1698] (TS) |
| 03/03/2014 | 1 pg, 7.8 KB | LETTER sent to Appellant Lisa Biron addressing her letter of February 22, 2014. [13-1698] (TS) |
| 03/13/2014 | 3 pg, 698.98 KB | MOTION for appointment of counsel filed by Appellant Lisa Biron. Certificate of service dated 03/10/2014. [13-1698] (TS) |
| 03/14/2014 | 3 pg, 28.54 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 03/14/2014. [13-1698] (RBK) |
| 03/17/2014 | 2 pg, 27.95 KB | MOTION for Attorney Richard B. Klibaner to withdraw as counsel filed by Appellant Lisa Biron. Certificate of service dated 03/17/2014. [13-1698] (RBK) |
| 03/17/2014 | 1 pg, 6.05 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 03/21/2014 for appellant Lisa Biron. No further extension of this deadline should be expected. [13-1698] (TS) |
| 03/23/2014 | 2 pg, 26.35 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 03/23/2014. [13-1698] (RBK) |
| 03/24/2014 | 1 pg, 6.05 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 03/28/2014 for appellant Lisa Biron. No further extension of this deadline should be expected. [13-1698] (TS) |
| 03/24/2014 | 2 pg, 463.5 KB | LETTER filed by Appellant Lisa Biron regarding our letter to her on March 3, 2014. [13-1698] (TS) |
| 03/31/2014 | 2 pg, 26.39 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 03/31/2014. [13-1698] (RBK) |
| 03/31/2014 | 2 pg, 256.1 KB | LETTER filed by Appellant Lisa Biron notifying the court of being transferred to another facility. [13-1698] (TS) |
| 04/01/2014 | 1 pg, 7.85 KB | LETTER sent to Appellant Lisa Biron regarding her letter of March 26, 2014. [13-1698] (TS) |
| 04/01/2014 | 1 pg, 7.15 KB | ORDER entered: Appellant has filed a motion for a seven-day enlargement of time to file her opening brief and appendix due on March 28, 2014. The briefing schedule was originally set on September 13, 2013. Since that time, Appellant has been granted several generous extensions of time. Appellant has previously been advised that no further extension of the briefing deadline should be expected. The court looks with extreme disfavor on multiple extension requests and lengthy delays in briefing. However, we allow Appellant's request for an additional seven days. Appellant's brief and appendix are due on or before **April 4, 2014.** No further extensions of this deadline should be sought or expected. [13-1698] (TS) |
| 04/02/2014 | 3 pg, 28.83 KB | MOTION to hold case in abeyance filed by Appellant Lisa Biron. Certificate of service dated 04/02/2014. [13-1698] (RBK) |
| 04/17/2014 | 1 pg, 8.8 KB | ORDER entered by Sandra L. Lynch, Chief Appellate Judge: Counsel's motion to withdraw is denied. The time for filing counsel's brief is extended until three weeks from the date of this order. Appellant's motion for appointment of new counsel is denied. Appellant's pro se motion that her case be held in abeyance is denied. [13-1698] (TS) |

| 05/12/2014 | 1 pg, 6.09 KB | NOTICE of default and intent to dismiss issued directing appellant to file a brief and appendix or this case will be dismissed for lack of prosecution in accordance with 1st Cir. R. 45.0(a). Brief and Appendix due 05/27/2014. [13-1698] (TS) |
| 05/27/2014 | 2 pg, 26.66 KB | MOTION to extend time to file *brief and appendix* filed by Appellant Lisa Biron. Certificate of service dated 05/27/2014. [13-1698] (RBK) |
| 05/28/2014 | 1 pg, 5.95 KB | ORDER granting motion to extend time to file brief and appendix filed by Appellant Lisa Biron. Brief and Appendix due 05/29/2014 for appellant Lisa Biron. [13-1698] (TS) |
| 05/28/2014 | 63 pg, 5.21 MB | BRIEF tendered by Appellant Lisa Biron. Certificate of service dated 05/28/2014. [13-1698] (RBK) |
| 05/29/2014 | | APPELLANT'S BRIEF filed by Appellant Lisa Biron. Certificate of service dated 05/28/2014. Brief due 06/30/2014 for APPELLEE United States. Nine paper copies identical to that of the electronically filed brief must be submitted so that they are received by the court on or before 06/05/2014. [13-1698]. CLERK'S NOTE: Docket entry was docketed in error. Please disregard. The government's briefing deadline was set in error and has been terminated. [13-1698] (DK) |
| 05/29/2014 | 1 pg, 7.61 KB | ORDER entered: Defendant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1976). We cannot docket counsel's brief since it is not accompanied by a motion to withdraw certifying that he has advised defendant-appellant of her right to file a supplemental *pro se* brief in support of reversal or modification of the judgment and the thirty day deadline for filing such a brief. Loc. R. 46.6(c)(4). In addition, counsel must submit a renewed certificate of service indicating that defendant-appellant was served with a copy of the motion to withdraw and brief. Loc. R. 46.6(c)(4). Accordingly, counsel's Anders brief will remain tendered until **June 12, 2014** so that counsel may file a motion to withdraw in which he certifies that defendant was advised of her right to file a pro se supplemental brief in response **and a** certificate of service indicating that defendant-appellant was served with a copy of the motion and brief. **All filings must be accompanied by proof of service on defendant-appellant.** [13-1698] (TS) |
| 05/29/2014 | 4 pg, 60.9 KB | MOTION for Attorney Richard B. Klibaner to withdraw as counsel filed by Appellant Lisa Biron. Certificate of service dated 05/29/2014. [13-1698] (RBK) |
| 05/29/2014 | 64 pg, 5.28 MB | ANDERS BRIEF filed by Attorney Richard B. Klibaner for Appellant Lisa Biron pursuant to Anders v. California, 386 U.S.738 (1976). Certificate of service dated 05/29/2014. Any supplemental pro se brief must be filed by 06/30/2014 [13-1698] (TS) |
| 06/04/2014 | | NINE (9) paper copies of anders brief [5827037-2] submitted by Appellant Lisa Biron. [13-1698] (CC) |
| 06/04/2014 | | PLEADING tendered: Appendix filed by Appellant Lisa Biron. Number of volumes: 1. Number of copies: 5. Certificate of service was not included. [13-1698] (DK) |
| 06/04/2014 | 1 pg, 26.33 KB | CERTIFICATE of service for pleading tendered [5828338-2] filed by Appellant Lisa Biron. Certificate of service dated 06/04/2014. [13-1698] (RBK) |
| 06/04/2014 | 2 pg, 26.22 KB | MOTION for leave to file appendix instanter filed by Appellant Lisa Biron. Certificate of service dated 06/04/2014. [13-1698] CLERK'S NOTE: Relief selection was incorrect and/or incomplete. Correction made by clerk's office. No further action required.[13-1698] (RBK) |
| 06/05/2014 | 1 pg, 6.67 KB | ORDER granting motion to file appendix instanter filed by Appellant Lisa Biron. [13-1698] (TS) |
| 06/05/2014 | | APPENDIX filed by Appellant Lisa Biron. Number of volumes: 1. Number of copies: 5. Certificate of service dated 06/03/2014. [13-1698] (TS) |
| 11/14/2014 | 1 pg, 7.84 KB | JUDGMENT entered by Jeffrey R. Howard, Appellate Judge; Rogeriee Thompson, Appellate Judge and William J. Kayatta , Jr., Appellate Judge. 13-1698 Affirmed [13-1698] (AS) |

Appendix-024

Clear All

◉ **Documents and Docket Summary**
◯ **Documents Only**

☐ **Include Page Numbers**

Selected Pages: 0          Selected Size: 0 KB

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/17/2014 10:35:00 | | | |
| **PACER Login:** | us5972:2655330:4299065 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 13-1698 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Attachment 5

BP-A0288
AUG 11                           **INCIDENT REPORT** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

## Part I - Incident Report

| 1. Institution   FMC Carswell |||||

| 2. Inmate=s Name<br>Biron, Lisa | 3. Register Number<br>12775-049 | 4. Date of Incident<br>07-03-2014 | 5. Time<br>7:33 am |
|---|---|---|---|
| 6. Place of Incident<br>Mail Room | 7. Assignment<br>UNASSG | 8. Unit<br>Unit 2 South, I04-013U ||

| 9. Incident<br>Use of mail in violation of policy –sending correspondence to an<br>unauthorized person. | 10. Prohibited Act Code(s)<br>296 |
|---|---|

11. Description Of Incident (Date:  7-04-2014  Time:  8:45 am   Staff became aware of incident)

On July 03, 2014, while reviewing outgoing correspondence from inmate Biron, Lisa, Reg. No. 12775-045, I observed the correspondence addressed to R▪▪▪▪ B▪▪▪, the daughter of inmate Biron and the address of ▪▪▪▪▪▪▪▪▪▪▪, Williamsburg, VA 23185, United States.  Inmate Biron also attempted to mail out correspondence to Mr. Bonczar Sr. Power of Attorney, PO Box 228, Milford, NH 03055, United States. The contents of this envelope contained a scanned copy of the same letter written to R▪▪▪▪ B▪▪▪. in the letters *Biron states, "I have written to you at the PO Box several times. Did you get my letters? "PS I'm sending you this to be sure you get it."*  The verbiage used in the letter also identifies the daughter in the case, *"Your father was told about it by me right after it happened".* On July 04, 2014, the Court Order was reviewed to identify the current Court Order for the writer to have documentation for this Incident Report. This correspondence is an attempt to make contact with the child victim, which is Court Ordered NO CONTACT. This inmate disregarded the rules and did knowingly attempt to circumvent the Courts Order by using the mail to send a letter to the child and a civilian in attempt to make contact with an unapproved correspondent.

| 12. Typed Name/Signature of Reporting Employee<br>D. Wenger, SIS Technician / | 13.Date And Time<br>07-04-2014 / 10:004 am |
|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature) | 15. Date Incident<br>Report Delivered<br>7/4/14 | 16. Time Incident<br>Report<br>Delivered<br>155 pm |

## Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident

See attached e-mail to Mr. Kerr  and  in sum there is not a "No contact order"  My constitutional rights have been violated and I am going to sue.

| 18. A. It is the finding of the committee that you:<br><br>_____ Committed the Prohibited Act as charged.<br>_____ Did not Commit a Prohibited Act.<br>_____ Committed Prohibited Act Code(s) _____ | B. ✓ The Committee is referring the<br>Charge(s) to the DHO for further<br>Hearing.<br>C. _____ The Committee advised the inmate of<br>its finding and of the right to file<br>an appeal within 20 calendar days. |
|---|---|

19. Committee Decision is Based on Specific Evidence as Follows:

Based on the statement of the officer  and the severity of the Charge it is being referred to DHO.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

Disallow 27 days GCT : 365 days Loss of phone & e-mail & commissary

21. Date And Time Of Action  7-9-14 @ 9:43 am (The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

| **Part III - Investigation** | 22. Date And Time Investigation Began |
| | 07-04-2014   1355 |

3. Inmate Advised Of Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process.  You Are Also Informed That Your Silence Alone May Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By At(Date/time) 7-04-2014
                                                          1355   J. Frontera

24. Inmate Statement And Attitude

Inmate Biron, Lisa, #12775-049, was advised of her rights and was given a copy of this Incident Report.

Inmate Biron, Lisa, #12775-049, stated, "There is no court order.  Please produce the court order."

Inmate Biron, Lisa, #12775-049, had a fair attitude.

25. Other Facts About The Incident, Statements Of Those Persons Present At Scene,

*Documentation and letters attached*

26. Investigator's Comments And Conclusions

Based on statements in section 11, this investigator finds that the charges are to be true and accurate.

27. Action Taken

Remain in her Housing Unit pending UDC.

Date And Time Investigation Completed: 7-04-2014    1400

Printed Name/signature Of Investigator:   J. Frontera

_____                    **Lieutenant**
        SIGNATURE                                   TITLE

Name Lisa Biron
Reg. No. 12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127



⇔12775-049⇔
R████ B█████
Williamsburg, VA 23185
United States



June 29, 2014

Baby,
      My heart aches so much for you. It feels like my heart has been amputated, but I still feel so much pain.
      I don't know why you haven't written, but I think it is because people have to told you not to. I received a terrible email the other day from your dad. He accused me of cheating on him for 15 years!! Baby, I remember I told you what had happened with Steve a long, long time ago before you were born. That is the truth and your father was told about it by me right after. He is also telling nana that I used to mistreat you and put you down all the time. Baby, I just can't believe he is lying about me like this. I was faithful to him for all those years. I begged him to change jobs because he was travelling all the time and it was so stressful. That is enough about him. I did write back to him to tell him that what he said about me is not true. Please just pray for him. The alcohol and drugs and the devil have him all messed up in the head. He can't face the fact that it was him who abandoned his family, again, and caused me to lose it. This will all come out at re-trial.
      Baby, I heard you went to the prom. How was it? Who did you go with? Is he nice? I hope he knows the Lord. You know how important

(12)

that is. If anything, my life should be an example
of how terrible evangelical dating can turn out.
Make sure he already loves Jesus because if he
doesn't you could end up going through hell and
you don't need any more of that (hell) in your
life. Please know I have prayed for your husband since you were
little. You are a princess, baby. I love you so much
but Jesus loves you even more. He has such great
plans for your life. This is why the enemy has
attacked us so relentlessly. But God wins, Baby.
He is going to do a miracle in your life and
mine. I just read a book that you should read.
It will make you cry for sure. It is The Chance
by Karen Kingsbury. She writes Christian novels.
This one is about how God heals a family that
has broken apart. Please read it. I think it will
heal your heart. Google "Life-Changing Fiction"
_____ you're on summer vacation. What
are you up to? How is Gunner? I have written
to you at the P.O. Box several times. did you
get my letters? In the book I mentioned, a mom
and daughter got separated for 11 years. The mom
wrote the daughter every week but the father
kept the letters and didn't give them to her for
all those years. So the daughter thought the
mom had abandoned her. Finally, God changed
the dad and he gave her the letters. Please get
the book. It is anointed by God. I cried and

③

Cried. Well; I have to get ready. It's almost
lunch time and then I have Church. Baby, the lord
has told me (on 3/19/203) that I will be delivered
from this and won't be here for that long.
   Texas is so hot you can't even sit outside -
worse than VA. Do you go swimming? Please write
tell me about your life. I love you so much
princess. Keep praying.

                    Love,

                         Mom  ;-).

P.S. I'm scanning this
   to be sure you get it.
      I lub u ;-).



                   Carswell

   Worth, Tx 76127

Name Lisa Biron
Reg. No. 12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

⇔12775-049⇔
Mr. Bonczar Sr.
Power of Attorney
PO BOX 288
Milford, NH 03055
United States

Appendix-033

(1)

June 29, 2014

Baby,
    My heart aches so much for you. It feels like my
heart has been amputated, but I still feel so much pain.
    I don't know why you haven't written, but I think
it is because people have to told you not to. I received
a terrible email the other day from your dad. He accused
me of cheating on him for 15 years!! Baby, I remember
I told you what had happened with Steve a long, long
time ago before you were born. That is the truth and
your father was told about it by me right after. He is
also telling nana that I used to mistreat you and put
you down all the time. Baby, I just can't believe he
is lying about me like this. I was faithful to him
for all those years. I begged him to change jobs
because he was travelling all the time and it was so
stressful. That is enough about him. I did write
back to him to tell him that what he said about me
is not true. Please just pray for him. The alcohol
and drugs and the devil have him all messed up in
the head. He can't face the fact that it was him
who abandoned his family, again, and caused me
to lose it. This will all come out at re-trial.
    Baby, I heard you went to the prom. How
was it? Who did you go with? Is he nice? I
hope he knows the Lord. You know how important

(12)

that is. If anything, my life should be an example
of how terrible evangelical dating can turn out.
Make sure he already loves Jesus because if he
~~~~~~~~~~~~ you could end up going through hell and
~~~~~~~~~~~~ any more of that (hell) in your
~~~~~~~~~~~~ for your husband since you were
~~~~~~~~~~~~ baby. I love you so much
~~~~~~~~~~~~ loves you even more. He has such great
plans for your life. This is why the enemy has
attacked us so relentlessly. But God wins, Baby.
He is going to do a miracle in your life and
mine. I just read a book that you should read.
It will make you cry for sure. It is The Chance
by Karen Kingsbury. She writes Christian novels.
This one is about how God heals a family that
has broken apart. Please read it. I think it will
~~~~~ heal your heart. Google "Life-Changing Fiction"
~~~~~~~~~~ you're on summer vacation. What
~~~~~~~~~~ is Gunner? I have written
~~~~~~~~ the P.O. Box several times - did you
get my letters? In the book I mentioned, a mom
and daughter got separated for 11 years. The mom
wrote the daughter every week but the father
kept the letters and didn't give them to her for
all those years. So the daughter thought the
mom had abandoned her. Finally, God changed
the dad and he gave her the letters. Please get
the book. It is anointed by God. I cried and

③

Cried. Well, I have to get ready. It's almost lunch time and then I have Church. Baby, the lord has told me (on 3/19/2013) that I will be delivered from this and won't be here for that long.

Texas is so hot you can't even sit outside - worse than VA. Do you go swimming? Please write tell me about your life. I love you so much princess. Keep praying.

Love,

Mom  ;-).

P.S. I'm scanning this
to be sure you get it.
I lub u ;-).

Carswell

worth, Tx 76127

# Attachment 6

BP-S294.052 **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)**   CDFRM
MAY 94

## U.S. DEPARTMENT OF JUSTICE

**FEDERAL BUREAU OF PRISONS**

|  | FMC Carswell, TX |
|  | Institution |
|  | FMC (KW) |
|  | Date |

TO  _Lisa Biron_                          Reg. No.: _12775-049_

ALLEGED VIOLATION(S): _Use of mail in violation of Policy_

DATE OF OFFENSE:  _7·3·14_                  Code No.: _296_

You are being referred to the DHO for the above charge(s).

The hearing will be held on:        TBA        at _____ (A.M./P.M.) at the following location:

---

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name)

I (do) _✓_ (do not)____ wish to have a staff representative.          _MS.LeBlanc_

If so, the staff representative=s name is: _____ _Mr. Kerr_

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) _✓_ wish to have witnesses.

NAME:                          Can Testify to:

---

NAME:                          Can Testify to:

---

NAME:                          Can Testify to:

---

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: _7·9·14_     SIGNATURE: _Lisa Biron_

Notice of hearing before DHO given inmate _7·9·14 / 10:00am_   by   _S. mallard / smallard_
                                          Date/Time              Staff Printed Name/Signature

(This form may be replicated via WP)          Replaces BP-294(52) of JAN 88

# Attachment 7

BP-S293.052  INMATE RIGHTS AT DISCIPLINE HEARING  CDFRM
MAY 94

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Institution: FMC Carswell, TX.

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred
to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24
hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available
to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable
witnesses) and to present documentary evidence in your behalf, provided
institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be
used to draw an adverse inference against you. However, your silence alone may
not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a
period of deliberation or when institutional safety would be jeopardized. If
you elect not to appear before the DHO, you may still have witnesses and a staff
representative appear on your behalf;

6. The right to be advised of the DHO=s decision, the facts supporting that
decision, except where institutional safety would be jeopardized, and the DHO=s
disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative
Remedy Procedure to the Regional Director within 20 calendar days of notice
of the DHO=s decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a
hearing before the Discipline Hearing Officer. I have further been advised that if
I have previously received either a presumptive or effective parole date from the
Parole Commission, a finding by the DHO that I committed the prohibited act(s) may
result in a rescission or retardation by the Parole Commission of the presumptive
or effective parole date.

Inmate's Name: Biron, Lisa                       Reg. No.: 12775-049

Inmate Signature: X Lisa Biron                   Date: 7-9-14

Notice of rights given to inmate (Date/time): 7.9.14    /  1000 RM

by: S. mallard / Smallard
        Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 88.

1

# Attachment 8

DISCIPLINARY HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

| Institution: | FMC Carswell | | Incident Report Number: | | 2602170 | |
|---|---|---|---|---|---|---|
| NAME OF INMATE: | Biron, Lisa | | REG. NO.: | 12775-049 | UNIT: | Admin Unit |
| Date of Incident Report: | 7-4-14 | | Offence Code: | 296 | | |
| Date of Incident: | 7-3-14 | | | | | |
| Summary of Charges: | Use of Mail for Abuses other than Criminal Activity which Circumvent Mail Monitoring Procedures | | | | | |

I. NOTICE OF CHARGE(S)

A.   Advanced written notice of charge (copy of Incident Report) was given to inmate on:

| (date) | 7-4-14 | at (time) | 1:55 p.m. | (by staff member) | | J. Frontera, Lieutenant |
|---|---|---|---|---|---|---|
| B.   The DHO Hearing was held on (date) | | | 7-31-14 | at (time) | | 8:30 a.m. |

C.   The inmate was advised of the rights before the DHO by (staff member):

| | S. Mallard | | | | |
|---|---|---|---|---|---|
| | on (date) | 7-9-14 | and a copy of the advisement of rights form is attached. | | |

II. STAFF REPRESENATIVE

| A.   Inmate waived right to staff representative. | | Yes | | No | X |
|---|---|---|---|---|---|
| B.   Inmate requested staff representative and | | Ms. Leblanc | | appeared. | |

C.   Requested staff representative declined or could not appear but the inmate was advised of option to postpone hearing to obtain another staff representative with the results that:

| | N/A | | | |
|---|---|---|---|---|
| D.   Staff representative | | N/A | | was appointed. |

III. PRESENTATION OF EVIDENCE

| A. Inmate | | (admits) | X | (denies) | |
|---|---|---|---|---|---|

B. Summary of Inmate Statement:

Inmate Biron appeared at the hearing and acknowledged receiving a copy of the incident report.  She requested a staff representative and did not request any witnesses.  Inmate Biron understood her rights before the DHO and raised no issues about the discipline process to this point.

During the DHO Hearing inmate Biron elected to make a statement.  Inmate Biron stated, "There is a no contact order on her, I can write her, she is my daughter, they have no right to keep me from writing my daughter, they don't have jurisdiction to write up a 'no contact' order."

C. Witnesses:

| 1. The inmate requested witnesses. | | Yes | | No | X | |
|---|---|---|---|---|---|---|

Page 1 of 3

Appendix-042

## DISCIPLINARY HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

2. The following persons were called as witness at the hearing and appeared:

N/A

| 3. A summary of the testimony of each witness is attached | N/A |
|---|---|

4. The following persons requested were not called for the reason(s) given:

N/A

5. Unavailable witnesses were requested to submit written statements and those statements received were considered:

N/A

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Copies of mail being sent to R████ B███
United States District Court for the District of New Hampshire Order

E. Confidential information was used by the DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

## IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. |
|---|---|
| | B. The following act was committed. |
| | C. No prohibited act was committed: Expunged according to Inmate Discipline PS. |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observation, written documents, etc.)

Your due process rights were reviewed with you. I confirmed you received a copy of the incident report, did not have any witnesses, and had no documentary evidence to present. You requested Ms. Leblanc as your staff representative and she was present during the hearing. You understood your due process rights and were prepared to proceed with your disciplinary hearing.

The DHO finds you committed the prohibited act of Use of Mail for Abuses other than Criminal, code 296, when staff discovered outgoing correspondence from inmate Lisa Biron, Reg. No. 12775-049, addressed to R████ B███ (daughter of inmate Biron), ███████████. Williamsburg, VA 23185. On July 4, 2014, a court order was reviewed and identified that inmate has a 'no contact' order with R████ B███ due to her being the victim of her initial crime.

During the hearing, you admitted to the DHO sending out the mail but stated there was 'No Contact' order in place and stated that it is not valid, it was only verbal.

The DHO relied upon the written account of SIS Technician D. Wenger, who reviewed the mail during

Page 2 of 3

DISCIPLINARY HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |

routine monitoring and copies of the mails being sent out. Also, the DHO relied on the Court Order for Criminal No. 12-cr-140-1-PB, which states, The court grants the government's request, Defendant (Lisa Biron) shall have no contact (either direct or indirct) with the minor victim between now and the resolution of this case. Dated January 3, 2013 and signed by United States Magistrate Judge Landya B. McCafferty. In addition, an email from the USAO, dated 10-10-13, indicated due to Ms. Biron's appeal in the First Circuit, and the litigation continues and the case is not resolved, the Magistrate's Order remains in effect.

The DHO finds inmate Biron did commit the prohibited act of use of mail for abuses other than criminal activity. Inmate Biron was attempting to contact a victim of her crime, when she mailed out a letter to R████ B███. This behavior interferes with the staff member's ability to complete his or her assigned duties and to effectively deal with all other inmates. Therefore, due to the greater weight of the evidence, the DHO concluded that inmate Biron is appropriately charged and will be sanctioned accordingly.

## VI. SANCTIONS OR ACTION TAKEN

Offense Severity: Moderate
SGT Available: 54

Disallowance of Good Conduct Time: 27 days
Disciplinary Segregation: 15 days suspended 180 days clear conduct
Loss of Privileges: LP Phone  90 days
                    LP Comm  90 days
                    LP Email  90 days

## VII. REASON FOR SANCTION OR ACTION TAKEN

The sanction against Good Conduct Time was used to comply with the mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

Behavior of this nature is considered disruptive to the safety, security, and orderly operation of the institution. Therefore, the inmate was sanctioned to disciplinary segregation to ensure the safety of all inmates and staff within the institution; however, this sanction has been suspended pending 180 days clear conduct.

Loss of privileges was imposed to correct the present inappropriate behavior and deter the inmate and others from future behavior of this type.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

## IX. Disciplinary Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| B. Valle, DHO | | 8-13-14 |
| Delivered to inmate: | 8-28-14 | 7:46 AM |

*Lisa Biron.*

Page 3 of 3

# Attachment 9

```
   CRWIP            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *         11-17-2014
PAGE 001                                                                   09:04:24
         FUNCTION: LST SCOPE: REG    EQ 12775-049    OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM             THRU             DT STS: FROM             THRU
DT STS: FROM      TO      DAYS BEFORE "OR" FROM      TO      DAYS AFTER DT  RDU
DT TDU: FROM      TO      DAYS BEFORE "OR" FROM      TO      DAYS AFTER DT  TRT
STS/REAS:
SUBJECTS:
EXTENDED:    REMEDY LEVEL:                   RECEIPT:         "OR" EXTENSION:
RCV  OFC : EQ
TRACK:  DEPT:
        PERSON:
          TYPE:
EVNT FACL: EQ
RCV FACL.: EQ
RCV UN/LC: EQ
RCV QTR..: EQ
ORIG FACL: EQ
ORG UN/LC: EQ
ORIG QTR.: EQ


G0002        MORE PAGES TO FOLLOW . . .
```

```
  CRWIP              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        11-17-2014
 PAGE 002            *              SANITIZED FORMAT              *        09:04:24
  REMEDY-ID      SUBJ1/SUBJ2  -------------------ABSTRACT-----------------------
                 RCV-OFC      RCV-FACL      DATE-RCV      STATUS      STATUS-DATE

 740965-F1       16ZM/        APPEALING DENIAL OF EMAIL ACCOUNT ACCESS
                 DAN          DAN           07-03-2013    CLD         07-17-2013

 744587-R1       20BM/        DHO APPEAL/CODE 397
                 NER          DAN           07-31-2013    CLD         08-30-2013

 740965-R1       16ZM/        APPEALING DENIAL OF EMAIL ACCOUNT ACCESS
                 NER          DAN           08-07-2013    REJ         08-08-2013

 740965-R2       16ZM/        APPEALING DENIAL OF EMAIL ACCOUNT ACCESS
                 NER          DAN           08-19-2013    CLD         09-18-2013

 749708-F1       16ZM/        FEELS LEGAL MAIL BEING OPENED IN VIOLATION OF RIGHTS
                 DAN          DAN           09-13-2013    CLD         09-16-2013

 752630-F1       16DM/34ZM    FEELS STAFF REJ. MAIL IN ERROR/STAFF ARE RETALATING
                 DAN          DAN           10-07-2013    CLD         10-22-2013

 G0002       MORE PAGES TO FOLLOW . . .
```

```
 CRWIP            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        11-17-2014
PAGE 003            *              SANITIZED FORMAT              *        09:04:24
 REMEDY-ID     SUBJ1/SUBJ2  -------------------ABSTRACT------------------------

               RCV-OFC    RCV-FACL    DATE-RCV       STATUS     STATUS-DATE


749708-R1      16ZM/      FEELS LEGAL MAIL BEING OPENED IN VIOLATION OF RIGHTS
               NER        DAN        10-07-2013      CLD        12-06-2013

744587-A1      20BM/      DHO APPEAL/CODE 397
               BOP        DAN        10-17-2013      ACC        10-23-2013

740965-A1      16ZM/      APPEALING DENIAL OF EMAIL ACCOUNT ACCESS
               BOP        DAN        11-06-2013      CLD        01-23-2014

760540-R1      20DM/      DHO HRNG 11-20-2013, CODE 196
               NER        DAN        12-05-2013      CLD        01-03-2014

749708-A1      16ZM/      FEELS LEGAL MAIL BEING OPENED IN VIOLATION OF RIGHTS
               BOP        DAN        01-08-2014      CLD        04-21-2014

760540-A1      20DM/      DHO HRNG 11-20-2013, CODE 196
               BOP        DAN        01-14-2014      REJ        01-30-2014


G0002      MORE PAGES TO FOLLOW . . .
```

```
   CRWIP           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      11-17-2014
   PAGE 004          *                  SANITIZED FORMAT          *     09:04:24
   REMEDY-ID     SUBJ1/SUBJ2  --------------------ABSTRACT-----------------------

                  RCV-OFC     RCV-FACL    DATE-RCV      STATUS    STATUS-DATE


   760540-A2      20DM/       DHO HRNG 11-20-2013, CODE 196
                  BOP         DAN         01-30-2014    ACC       02-26-2014

   769475-R1      20DS/       DHO APPEAL
                  NER         DAN         02-26-2014    REJ       02-26-2014

   770265-F1      22ZM/       INADEQUATE RECREATION IN SPECIAL HOUSING
                  DAN         DAN         03-05-2014    REJ       03-05-2014

   770420-R1      20DM/       DHO APPEALS 2543232 & 2545925
                  NER         BRO         03-06-2014    VOD       03-06-2014

   769475-R2      20DS/       DHO APPEALS 2543232 & 2545925
                  NER         BRO         03-06-2014    REJ       03-06-2014

   773112-R1      20DM/       DHO APPEAL CODE 296 HEARING 02/19/2014
                  NER         OKL         03-25-2014    REJ       03-27-2014


   G0002        MORE PAGES TO FOLLOW . . .
```

```
  CRWIP          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      11-17-2014
PAGE 005 OF 005 *              SANITIZED FORMAT             *        09:04:24
  REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT-----------------------
               RCV-OFC    RCV-FACL    DATE-RCV      STATUS    STATUS-DATE


769475-R3      20DS/      DHO APPEAL
               NER        OKL         03-25-2014    REJ        03-27-2014

787460-F1      33FM/      REQUESTING LEGAL/SPECIAL MAIL TO BE SENT OUT
               CRW        CRW         07-21-2014    CLO        08-08-2014

787460-R1      33FM/      REQUESTING LEGAL/SPECIAL MAIL TO BE SENT OUT
               SCR        CRW         08-18-2014    CLD        10-16-2014

795306-R1      20DM/      DHO HEARING 07-31-2014, CODE 296
               SCR        CRW         09-08-2014    CLG        10-17-2014

795392-F1      33HM/20AM  REQUESTING THE STATUS OF MULTIPLE ADMIN REMEDIES
               CRW        CRW         09-24-2014    CLO        10-01-2014

795392-R1      33HM/      REQUESTING THE STATUS OF MULTIPLE ADMIN REMEDIES
               SCR        CRW         10-14-2014    CLO        10-29-2014
                24 REMEDY SUBMISSION(S) SELECTED
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# Attachment 10

BIRON, Lisa              REG. NO. 12775-049  RECEIPTED: 9/8/14

CASE NO. 795306-R1       PART B - RESPONSE

You are appealing a Discipline Hearing Officer (DHO) action of
7/31/14, for Code 296, Use of Mail for Abuses Other Than
Criminal Activity Which Circumvent Mail Monitoring Procedures.

We are directing the DHO to conduct a reconsideration in this
case.  Unless new evidence is presented, you need not be present
for the reconsideration.  The DHO will provide you an amended
report after the reconsideration.

In the event you are dissatisfied with the results of the
rehearing, you may appeal to the Bureau of Prisons, South
Central Regional Office, 344 Marine Forces Drive, Grand Prairie,
Texas 75051.  Your appeal must be received in that office within
20 days from the date you receive your copy of the amended DHO
report.

OCT 1 7 2014
_____                    _____
Date                                       sec J. A. Keller
                                           Regional Director

# Attachment 11

# United States Court of Appeals
## For the First Circuit

No. 13-1698

UNITED STATES,

Appellee,

v.

LISA BIRON,

Defendant, Appellant.

Before

Howard, Thompson and Kayatta,
Circuit Judges.

### JUDGMENT

Entered: November 14, 2014

Appellant Biron appeals her conviction and sentence on child pornography charges. Counsel has submitted a motion to withdraw on the ground that the appeal presents no meritorious issues. See Anders v. California, 386 U.S. 738 (1967); 1st Cir. R. 46.4(a)(4). Appellant has been notified of her right to file a supplemental brief but has not done so.

We have carefully reviewed the record in this case. We conclude that sufficient evidence sustained the defendant's conviction on all charges. Moreover, since Biron was charged under the first section of 18 U.S.C. §2251(a), which does not require any showing of intent, United States v. Carroll, 105 F.3d 740, 744 (1st Cir. 1997) ("One who persuades a minor to engage in sexually explicit conduct . . . commits an act which in and of itself is worthy of criminal sanction."), the court committed no error in its instruction. Therefore, the judgment of the district court is affirmed.

Counsel's motion to withdraw is granted.

By the Court:
/s/ Margaret Carter, Clerk

cc: Richard Klibaner, John Kacavas, Donald Feith, Seth Aframe, Helen Fitzgibbon, Lisa Biron

# Attachment 12

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH

NORTHERN DISTRICT OF TEXAS
FILED

AUG - 6 2014

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

Lisa A. Biron,
    Petitioner

v.

Jody Upton, Warden,
    Respondent.

Case No.:  **4-14CV-627-A**

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

1.  The Petitioner, Lisa A. Biron, pro se, brings this Petition[1] to challenge the loss of good time and various privileges resulting from the latest in a string of wrongful FBOP disciplinary actions stemming from the erroneous contention that there exists a court-order barring contact between Petitioner and her minor daughter R.B.

2.  Since April 1, 2014, the Petitioner has been confined at Federal Medical Center ("FMC"), Carswell, P.O. Box 27137, Fort Worth, Texas 76127.

3.  Petitioner is currently serving a federal sentence having been convicted in the United States District Court for the District of New Hampshire, Case No.: 1:12-cr-00140-PB-1 and sentenced on May 23, 2013; an Anders Brief and Motion to Withdraw were filed by counsel on May 28, 2014 in the First Circuit Court of Appeals, Docket No.: 13-1698.

4.  On July 31, 2014 the Petitioner was found guilty at DHO Hearing of violating a code 296 for attempting to violate a no-contact order by sending mail to R.B.

---

1 On August 1, 2014 this Court dismissed Petitioner's § 2241 Petition (filed on July 30, 2014) for lack of jurisdiction. See Opinion and Order, Civ. Act. No.: 4:14-cv-603-O.

Appendix-056

5. There is no such order barring contact. Specifically, there is no provision barring contact in Petitioner's sentence. Clearly, if the sentencing court (Judge P. Barbadoro) found it appropriate to bar the Petitioner from writing to, or contacting, R.B. from prison, it would have sentenced her accordingly.

6. At the July 31, 2014 disciplinary hearing the DHO represented that the U.S. Attorney has informed the FBOP (via e-mail) that the magistrate's expired pre-trial (arraignment) "order[2]" is a no-contact order, which is presently in effect.

7. Because the FBOP is admittedly following the legal advice of the U.S. Attorney, any attempt at an administrative remedy is clearly futile.

8. The Petitioner presently has a § 2241 Petition pending in the United States District Court for the District of Connecticut (Case No.: 3:14-cv-385(VLB)) challenging disciplinary proceedings that occurred during her confinement at FCI Danbury. The Connecticut action does not directly address the alleged existence of the no-contact order because the three (3) incident reports at issue initially claimed violations of a no-contact order but when challenged were morphed into "circumvention of mail monitoring procedures" convictions.

9. The Petitioner's and R.B.'s constitutional rights may be irreparably injured without immediate judicial relief.

---

2 It is doubtful that the January 3, 2013 statement by the magistrate was a no-contact order even at the time it was issued as magistates do not generally have injunctive powers other than those consented to or allowed by U.S.C. 636. The defendant, at the time of this "order," was already detained in Strafford County (NH) D.O.C.

Appendix-057

WHEREFORE, the Petitioner requests this honorable Court expunge her disciplinary conviction, restore her good time and privileges, enjoin further wrongful disciplinary actions against Petitioner based on the non-existent no-contact order and grant such further relief as is deemed just and equitable.

Respectfully submitted by:

8|5|14
Date

Lisa A. Biron
Reg. # 12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Fort Worth, TX 76127

## CERTIFICATION

I, Lisa A. Biron, do hereby declare, under penalty of perjury, that the foregoing information in this Petition is true and correct, and that the original and one (1) copy of said Petition have been this date deposited in the inmate legal mail system, postage paid.

Lisa A. Biron

3

Lisa A. Biron
Reg. #12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Fort Worth, TX 76127

Clerk of Court                                          August 5, 2014
U.S. District Court
501 W. 10th St., Room 310
Fort Worth, TX 76102

Re: § 2241 Petition, Biron v. Upton

Dear Clerk:

I have enclosed, for filing with the Court, an original and one (1) copy
of my § 2241 Petition. Please serve the Respondent as allowed under Rule
4.

My $5.00 filing fee will arrive under seperate cover.

Thank you for your attention to this matter.

Sincerely,

Lisa Biron

Lisa Biron

Name _Lisa Biron_
Reg. No. _12775-049_
Federal Medical Center, Carswell
P.O. Box 27157
Ft. Worth, TX 76127

NORTHERN DIST. OF TX.
FT WORTH DIVISION

2014 AUG -6   AM 11: 13

CLERK OF COUR

NORTH TEXAS TX P&DC
DALLAS TX 750
05 AUG 2014 PM 7 L



USA | forever

⇔12775-049⇔
Us District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

_legal mail_

76102975999

# Attachment 13

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 15 2014

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA A. BIRON,                    §
                                  §
            Petitioner,           §
                                  §
VS.                               §    NO. 4:14-CV-627-A
                                  §
JODY UPTON, WARDEN,               §
                                  §
            Respondent.           §

## MEMORANDUM OPINION
### and
### ORDER

Petitioner, Lisa A. Biron, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming as respondent Jody Upton, Warden at FMC Carswell. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having now considered the petition and the applicable legal authorities, the court concludes that this action should be dismissed for failure of petitioner to exhaust her administrative remedies.[1]

---

[1] The court may dismiss an action for failure to exhaust administrative remedies prior to service on a respondent if such exhaustion is clear on the face of the complaint. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). Here, petitioner concedes that she has not exhausted the required administrative remedies.

I.

## Grounds of the Petition

Following her conviction by a jury, petitioner on May 23,
2013, was sentenced to a term of imprisonment of 480 months, to
be followed by a lifetime term of supervised release.[2]  The
instant petition alleges that at a disciplinary hearing on July
31, 2014, petitioner was found guilty of violating a Bureau of
Prisons regulation because she attempted to send mail to her
minor daughter, in violation of what Bureau of Prisons's
officials contend was a no-contact order imposed by the
sentencing court.  Petitioner acknowledges that the magistrate
judge entered a no-contact order during her pretrial detention
hearing, but maintains that the judgment in her criminal case
contains no such provision.

II.

## Analysis

A prisoner seeking habeas relief pursuant to § 2241 must
exhaust all administrative remedies that might provide
appropriate relief.  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.
1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.
1993).  The Bureau of Prisons has established a three-tiered

---

[2]As of the date this order is signed, petitioner's criminal case was on appeal before the United
States Court of Appeals for the First Circuit. Petitioner's criminal attorney on May 29, 2014, filed a
motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1976).

2

Case 4:14-cv-00627-A   Document 6   Filed 08/15/14   Page 3 of 5   PageID 15

Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49.

These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, he or she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons's Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

To be excused from the exhaustion requirement, petitioner must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

3

Petitioner admits that she has not exhausted her administrative remedies.  However, she contends that because the Bureau of Prisons "is admittedly following the legal advice of the U.S. Attorney," any attempt at exhausting administrative remedies would be "clearly futile."  Pet. at 2.  No other explanation is offered as to petitioner's failure to exhaust remedies.  The court is not persuaded.

Nothing is offered in the petition to show that petitioner has presented her view of the magistrate judge's order to Bureau of Prisons's officials, or that she has requested clarification from them about the duration of the no-contact order, or that there has been any indication from such officials that they would categorically reject her attempts at administrative remedies without at least considering her concerns.  Nor is there any indication that the same individuals who made the decision at petitioner's disciplinary hearing would in any way be involved in the administrative remedy process.  Although petitioner obviously believes the Bureau of Prisons would have denied her requests, she has offered no factual basis in the petition to support that belief.

Exhaustion of remedies may take time, but "there is no reason to assume that . . . prison administrators . . . will not act expeditiously."  Preiser v. Rodriquez, 411 U.S. 475, 494-95

4

(1973). If the Bureau of Prisons has failed to correctly
interpret or apply a court order, it should be afforded the
opportunity to rectify its error. See Smith v. Thompson, 937
F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity
to correct its own error before aggrieved party seeks judicial
intervention).

Petitioner gives no indication in the petition that she has
even attempted to begin the administrative remedy process, and
she has presented nothing, other than speculation, to support her
contention that she should be excused from exhausting those
remedies. Petitioner has provided nothing to show the type of
extraordinary circumstances needed to justify her failure to
exhaust administrative remedies, thus warranting dismissal on
that basis. Fuller, 11 F.3d at 62.

### III.

### Order

Therefore,

The court ORDERS that the writ of habeas corpus pursuant to
28 U.S.C. § 2241 filed by petitioner, Lisa A. Biron, be, and is
hereby, dismissed without prejudice for failure to exhaust
administrative remedies.

SIGNED August 15, 2014.

JOHN McBRYDE
United States District Judge

5

# Attachment 14



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA A. BIRON,                          §
                                        §
                Petitioner,             §
                                        §
VS.                                     §   NO. 4:14-CV-627-A
                                        §
JODY UPTON, WARDEN,                     §
                                        §
                Respondent.             §

## ORDER

Came on for consideration the motion to vacate order and
reconsider dismissal of § 2241 petition, filed in the above
action by petitioner, Lisa A. Biron. Having considered such
motion, the court concludes that it should be denied.

The court dismissed petitioner's § 2241 motion on the
grounds that she admitted in the petition her failure to exhaust
administrative remedies. In the instant motion to vacate,
petitioner describes in detail her attempts to exhaust
administrative remedies at the Bureau of Prisons's facility in
Danbury, Connecticut, where petitioner was incarcerated until her
transfer to FMC-Carswell in April 2014. However, the § 2241
petition filed in the above action challenges disciplinary action
imposed by FMC-Carswell staff. No mention is made in the motion
to vacate of any attempt by petitioner to exhaust administrative
remedies as to that action.

Further, the Bureau of Prisons's Administrative Remedy
Program contemplates that a prisoner will attempt to resolve
grievances at the facility where the petitioner is incarcerated,
first informally through staff at the facility, then through the
warden, and the regional director.  Local staff at FMC-Carswell,
the warden of that facility, and likely the regional director,
are not the same individuals who considered petitioner's
grievances while she was incarcerated in Connecticut.
Accordingly, petitioner has failed to show that she has exhausted
her administrative remedies as to the issues raised in her
petition filed August 6, 2014, nor has she shown that attempts to
do so would be futile.

Therefore,

The court ORDERS that the motion to vacate be, and is
hereby, denied.

SIGNED September ___, 2014.

JOHN McBRYDE
United States District Judge

2

CLOSED,MAJOR

# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:12-cr-00140-PB-1

Case title: USA v. Biron

Date Filed: 11/14/2012
Date Terminated: 05/28/2013

---

Assigned to: Judge Paul J. Barbadoro

Appeals court case number: 13-1698
First Circuit Court of Appeals

### Defendant (1)

**Lisa Biron**
*TERMINATED: 05/28/2013*

represented by **James H. Moir**
Moir & Rabinowitz, PLLC
5 Green St
Concord, NH 03301
603 224-3500
Email: jim@moirlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

| Pending Counts | Disposition |
| --- | --- |
| 18 U.S.C. §2423(a) and 2427 - Transportation with intent to engage in criminal sexual activity (1s) | Sentenced to a total term of 480 months, and a lifetime term of supervised release with special conditions; $800 special assessment due immediately. |
| 18 U.S.C. §2251(a) and 2256 - Sexual Exploitation of Children (2s-7s) | Sentenced to a total term of 480 months, and a lifetime term of supervised release with special conditions; $800 special assessment due immediately. |
| 18 U.S.C. §2252A(a)(5)(B) - Possession of child pornography (8s) | Sentenced to a total term of 480 months, and a lifetime term of supervised release with special conditions; $800 special assessment due immediately. |

### Highest Offense Level (Opening)

Felony

Appendix-070

**Terminated Counts**                              **Disposition**

18:2423(a) Transportation with intent to
engage in criminal sexual activity              Dismissed.
(1)

18:2251(a) and 2256 Sexual
exploitation of children                        Dismissed.
(2-6)

18:2252A(a)(5)(B) Possession of child
pornography                                     Dismissed.
(7)


**Highest Offense Level (Terminated)**

Felony


**Complaints**                                    **Disposition**

None

---

**Plaintiff**

**USA**                          represented by    **Helen W. Fitzgibbon**
                                                 US Attorney's Office (NH)
                                                 James C. Cleveland Federal Building
                                                 53 Pleasant St, 4th Flr
                                                 Concord, NH 03301-0001
                                                 603 225-1552
                                                 Email: helen.fitzgibbon@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **John Paul Kacavas**
                                                 US Attorney's Office (NH)
                                                 James C. Cleveland Federal Building
                                                 53 Pleasant St, 4th Flr
                                                 Concord, NH 03301-0001
                                                 603 225-1552
                                                 Fax: 603-625-2504
                                                 Email: john.kacavas@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Donald A. Feith**
                                                 US Attorney's Office (NH)
                                                 James C. Cleveland Federal Building
                                                 53 Pleasant St, 4th Flr
                                                 Concord, NH 03301
                                                 603 225-1552
                                                 Email: donald.feith@usdoj.gov

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2012 | 1 | INDICTMENT as to Lisa Biron (1) count(s) 1, 2-6, 7. *Original document available in clerks office.*(mxm) Modified on 11/16/2012 to remove "SEALED" (kad). (Entered: 11/16/2012) |
| 11/14/2012 | 3 | Praecipe for Warrant by USA as to Lisa Biron. (mxm) (Entered: 11/16/2012) |
| 11/14/2012 | 4 | MOTION to Seal Case at Level I until defendant is taken into custody by USA as to Lisa Biron. (mxm) (Entered: 11/16/2012) |
| 11/14/2012 | | **ENDORSED ORDER granting 4 Motion to Seal Case at Level I as to Lisa Biron (1). *Text of Order: Granted* So Ordered by Magistrate Judge Daniel J. Lynch. (mxm)** (Entered: 11/16/2012) |
| 11/16/2012 | | Arrest of Lisa Biron. (kad) (Entered: 11/16/2012) |
| 11/16/2012 | | NOTICE to Attorneys of Record: The case has been unsealed. Defendant taken into custody. All future pleadings shall be filed in accordance with this district's Supplemental Rules for Electronic Case Filing. (kad) (Entered: 11/16/2012) |
| 11/16/2012 | | NOTICE OF HEARING as to Lisa Biron. Initial Appearance/Arraignment set for 11/16/2012 03:00 PM before Magistrate Judge Landya B. McCafferty. (kad) (Entered: 11/16/2012) |
| 11/16/2012 | 7 | **CJA 20 as to Lisa Biron: Appointment of Attorney James H. Moir for Lisa Biron for criminal case representation. Assignment accepted on 11/16/2012. NOTICE: COUNSEL SHALL PRINT AND SUBMIT COMPLETED VOUCHER FOR PAYMENT AT APPROPRIATE TIME. Signed by Clerk James R. Starr. Follow up on submission of CJA Voucher on 5/20/2013. (Attachments: # 1 CJA Attorney Fact Sheet)(ko)** (Entered: 11/21/2012) |
| 11/16/2012 | 8 | MOTION to Appoint Counsel with Financial Declaration by Lisa Biron. *Original document available in clerks office.* (ko) (Entered: 11/21/2012) |
| 11/16/2012 | | **ENDORSED ORDER approving 8 Motion to Appoint Counsel as to Lisa Biron (1). *Text of Order: Request Approved. Appoint counsel.* So Ordered by Magistrate Judge Landya B. McCafferty. (ko)** (Entered: 11/21/2012) |
| 11/16/2012 | | Minute Entry for proceedings held before Magistrate Judge Landya B. McCafferty: INITIAL APPEARANCE and ARRAIGNMENT as to Lisa Biron (1) Counts 1,2-6,7 held on 11/16/2012. Defendant advised of rights & charges, waived reading of indictment, and pled not guilty. Court approves financial affidavit. Defendant detained, order to issue. Trial Date: 1/8/2013, 3-4 days. (Tape #3:27) (Govt Atty: Helen Fitzgibbon) (Defts Atty: James Moir) (USP: Melissa Elworthy)(Total Hearing Time: 36 minutes)(CJA Time: 1 hr, 3 minutes) (ko) (Entered: 11/21/2012) |
| 11/19/2012 | 5 | **ORDER OF DETENTION as to Lisa Biron. So Ordered by Magistrate Judge Landya B. McCafferty. (vln)** (Entered: 11/19/2012) |

| | | |
|---|---|---|
| 11/20/2012 | 6 | NOTICE OF ATTORNEY APPEARANCE: James H. Moir appearing for Lisa Biron . (Moir, James) (Entered: 11/20/2012) |
| 11/21/2012 | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 1/8/2013 09:30 AM before Judge Paul J. Barbadoro. Final Pretrial Conference set for 12/18/2012 02:00 AM before Judge Paul J. Barbadoro. JERS Statement due 12/18/2012. Any motion to continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled.(vln) (Entered: 11/21/2012) |
| 12/17/2012 | | CORRECTED NOTICE OF HEARING as to Lisa Biron. Final Pretrial Conference set for 12/18/2012 02:00 PM before Judge Paul J. Barbadoro. (vln) (Entered: 12/17/2012) |
| 12/17/2012 | 9 | NOTICE OF ATTORNEY APPEARANCE John Paul Kacavas appearing for USA. (Kacavas, John) (Entered: 12/17/2012) |
| 12/17/2012 | 10 | Arrest Warrant Returned Executed on 11/16/2012 as to Lisa Biron. (vln) (Entered: 12/19/2012) |
| 12/21/2012 | 11 | Proposed Voir Dire by Lisa Biron. (Moir, James) (Entered: 12/21/2012) |
| 01/02/2013 | 12 | SUPERSEDING INDICTMENT as to Lisa Biron (1) count(s) 1s, 2s-7s, 8s. *Original document available in clerks office.*(vln) (Entered: 01/02/2013) |
| 01/02/2013 | 14 | Praecipe for Warrant by USA as to Lisa Biron. (vln) (Entered: 01/02/2013) |
| 01/02/2013 | | NOTICE OF HEARING as to Lisa Biron. Arraignment set for 1/3/2013 at 02:30 PM before Magistrate Judge Landya B. McCafferty. (ko) (Entered: 01/02/2013) |
| 01/02/2013 | 15 | FINAL WITNESS LIST by USA as to Lisa Biron. (Fitzgibbon, Helen) (Entered: 01/02/2013) |
| 01/02/2013 | | Arrest Warrant Issued as to Lisa Biron. Original warrant and copies to US Marshal and US Probation. (vln) (Entered: 01/02/2013) |
| 01/03/2013 | 16 | Arrest Warrant Returned Executed on 1/2/2013 as to Lisa Biron. (vln) (Entered: 01/03/2013) |
| 01/03/2013 | 17 | **ORDER as to Lisa Biron 5 Order of Detention. Defendant shall have no contact (either direct or indirect) with the minor victim between now and the resolution of this case. So Ordered by Magistrate Judge Landya B. McCafferty. (vln)** (Entered: 01/03/2013) |
| 01/03/2013 | | Minute Entry for proceedings held before Magistrate Judge Landya B. McCafferty: ARRAIGNMENT as to Lisa Biron (1) Counts 1s,2s-7s,8s held on 1/3/2013. Defendant waived reading of indictment and pled not guilty. Order to issue. (Tape #2:39) (Govt Atty: Helen Fitzgibbon, John Kacavas) (Defts Atty: James Moir) (USP: Melissa Elworthy)(Total Hearing Time: 8 minutes)(CJA Time: 17 minutes) (ko) (Entered: 01/04/2013) |
| 01/07/2013 | 19 | MOTION in Limine re: Electronic Communication by Lisa Biron. Follow up on Objection on 1/25/2013. (Moir, James) (Entered: 01/07/2013) |
| | | |

| | | |
|---|---|---|
| 01/07/2013 | 20 | MOTION in Limine *404(b)* by Lisa Biron. Follow up on Objection on 1/25/2013. (Moir, James) (Entered: 01/07/2013) |
| 01/07/2013 | 21 | MOTION in Limine re: Exhibit List *Exhibit List* by Lisa Biron. Follow up on Objection on 1/25/2013. (Moir, James) (Entered: 01/07/2013) |
| 01/07/2013 | 22 | Amended MOTION in Limine re: Electronic Communication by Lisa Biron. Follow up on Objection on 1/25/2013. (Moir, James) (Entered: 01/07/2013) |
| 01/07/2013 | | NOTICE of ECF Filing Error re: 20 MOTION in Limine *404(b)* filed by Lisa Biron, 22 Amended MOTION in Limine re: Electronic Communication filed by Lisa Biron, 21 MOTION in Limine re: Exhibit List *Exhibit List* filed by Lisa Biron, 19 MOTION in Limine re: Electronic Communication filed by Lisa Biron. Filer used the wrong event. Filer should have used Motions and Related Filings / Objections, Responses and Replies. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603-226-7733. (vln) (Entered: 01/07/2013) |
| 01/08/2013 | 23 | RESPONSE to Motion by USA as to Lisa Biron re 20 MOTION in Limine *404(b)* . (Kacavas, John) (Entered: 01/08/2013) |
| 01/08/2013 | 25 | Proposed Jury Instructions by Lisa Biron. (Moir, James) (Entered: 01/08/2013) |
| 01/08/2013 | | Minute Entry for proceedings held before Judge Paul J. Barbadoro: JURY SELECTION - Day 1 as to Lisa Biron held on 1/8/2013. (Court Reporter: Sandra Bailey) (Govt Atty: John Kacavus, Helen Fitzgibbon) (Defts Atty: James Moir)(Total Hearing Time: 2:05)(CJA Time: 2:05) (vln) (Entered: 01/08/2013) |
| 01/09/2013 | 26 | Proposed Jury Instructions by USA as to Lisa Biron. (Feith, Donald) (Entered: 01/09/2013) |
| 01/09/2013 | | Minute Entry for proceedings held before Judge Paul J. Barbadoro: JURY TRIAL - Day 2 as to Lisa Biron held on 1/9/2013. Evidence introduced. Witnesses Appearing: Kevin Watson, Brandon Ore, Robert Hardy, Lisa Brien, Richard Nanan, Michael Gibley, Michael Biron. (Court Reporter: Sandra Bailey) (Govt Atty: John Kacavus, Helen Fitzgibbon) (Defts Atty: James Moir) (Total Hearing Time: 5:05)(CJA Time: 5:05) (vln) (Entered: 01/10/2013) |
| 01/10/2013 | | Minute Entry for proceedings held before Judge Paul J. Barbadoro: JURY TRIAL - Day 3 as to Lisa Biron held on 1/10/2013. Evidence introduced. Witnesses Appearing: James Scripture. Closing arguments. Court charges jury. Jury retires to deliberate. Jury deliberations. Jury returns verdict. (Court Reporter: Sandra Bailey) (Govt Atty: John Kacavus, Helen Fitzgibbon) (Defts Atty: James Moir)(Total Hearing Time: 2:05)(CJA Time: 2:05) (vln) (Entered: 01/10/2013) |
| 01/10/2013 | 27 | FINAL EXHIBIT LIST by USA as to Lisa Biron. (vln) (Entered: 01/10/2013) |
| 01/10/2013 | 28 | JURY Instructions as to Lisa Biron. (vln) (Entered: 01/10/2013) |
| 01/10/2013 | 29 | JURY VERDICT as to Lisa Biron (1) Guilty on Count 1s,2s-7s,8s. *Original* |

| | | |
|---|---|---|
| | | *document available in clerks office.*(vln) (Entered: 01/10/2013) |
| 01/10/2013 | | NOTICE OF HEARING as to Lisa Biron. Sentencing set for 4/22/2013 10:30 AM before Judge Paul J. Barbadoro.*The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.** (vln) (Entered: 01/10/2013) |
| 01/11/2013 | | **COST CONTAINMENT INTERIM CJA 20, Interim Voucher #1 as to Lisa Biron: Authorization to Pay James Moir, Esq. for Offense Code 6110. Amount Withheld this Voucher: $0.00. Total Amount Paid this Voucher: $9,824.89. So Ordered by Judge Paul J. Barbadoro.** *(Original document available in clerks office.)* **(js)** Modified on 9/26/2013 to unseal entry and add "COST CONTAINMENT" (js). (Entered: 01/11/2013) |
| 01/29/2013 | | **ENDORSED ORDER denying as moot all pending motions not previously resolved at trial. So Ordered by Judge Paul J. Barbadoro.** (vln) (Entered: 01/29/2013) |
| 02/21/2013 | | **COST CONTAINMENT INTERIM CJA 20, Interim Voucher #2 as to Lisa Biron: Authorization to Pay James Moir, Esq. for Offense Code 6110. Total Amount Paid this Voucher: $5,100.00. Certified by USDC Judge Paul Barbadoro on January 17, 2013. Approved by USCA Judge O. Rogeriee Thompson on February 13, 2013.** *(Original document available in clerks office.)* **(js)** Modified on 9/26/2013 to unseal entry and add "COST CONTAINMENT" (js). (Entered: 02/21/2013) |
| 03/08/2013 | [33](#) | Assented to MOTION to Extend Time PSR Submission Date by Lisa Biron. (Moir, James) (Entered: 03/08/2013) |
| 03/08/2013 | | **ENDORSED ORDER granting [33](#) Motion to Extend Time for PSR Submission as to Lisa Biron (1).** *Text of Order: Granted.* **So Ordered by Judge Paul J. Barbadoro.** (vln) (Entered: 03/08/2013) |
| 03/28/2013 | [34](#) | Assented to MOTION to Continue Sentencing *Sentencing* by Lisa Biron. (Moir, James) (Entered: 03/28/2013) |
| 03/29/2013 | | **ENDORSED ORDER granting [34](#) Assented to MOTION to Continue** *Sentencing* **as to Lisa Biron (1).** *Text of Order: Granted.* **So Ordered by Judge Paul J. Barbadoro. Sentencing set for 5/22/2013 10:00 AM before Judge Paul J. Barbadoro.** *The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.** (vln) (Entered: 03/29/2013) |
| 04/18/2013 | [35](#) | Assented to MOTION to Extend Time to Submit PSR by Lisa Biron. (Moir, James) (Entered: 04/18/2013) |
| 04/18/2013 | | **ENDORSED ORDER granting [35](#) Motion to Extend Time to file PSR as to** |

| | | |
|---|---|---|
| | | **Lisa Biron (1). *Text of Order: Granted* So Ordered by Judge Paul J. Barbadoro. (mm)** (Entered: 04/18/2013) |
| 04/26/2013 | 36 | Assented to MOTION to Continue Sentencing by Lisa Biron. (Moir, James) (Entered: 04/26/2013) |
| 04/29/2013 | | **ENDORSED ORDER granting 36 Assented to MOTION to Continue Sentencing as to Lisa Biron (1). *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro. Sentencing set for 5/23/2013 02:00 PM before Judge Paul J. Barbadoro.*The court has allotted 1 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.(vln)** (Entered: 04/29/2013) |
| 05/16/2013 | 38 | Assented to MOTION to Clarify *Victim Status* by Lisa Biron. (Moir, James) (Entered: 05/16/2013) |
| 05/17/2013 | 39 | SEALED DEFENDANT'S SENTENCING MEMORANDUM re: at Level I. (Attachments: # 1 Psychological Evaluation)(vln) (Entered: 05/17/2013) |
| 05/17/2013 | 40 | Assented to MOTION to Seal 39 Defendant's Sentencing Memorandum at Level I, by Lisa Biron. (vln) (Entered: 05/17/2013) |
| 05/17/2013 | | **ENDORSED ORDER denying 38 Motion to Clarify as to Lisa Biron (1). *Text of Order: This is not a matter for the court. Motion denied.* So Ordered by Judge Paul J. Barbadoro. (vln)** (Entered: 05/17/2013) |
| 05/21/2013 | 42 | GOVERNMENT'S SENTENCING MEMORANDUM, Sealed at Level I, filed by USA (vln) (Entered: 05/21/2013) |
| 05/23/2013 | | Minute Entry for proceedings held before Judge Paul J. Barbadoro: SENTENCING held on 5/23/2013 for Lisa Biron (1) Sentenced on Count 1s,2s-7s,8s to a total term of 480 months. Fine waived due to inability to pay. Appeal rights to defendant. (Court Reporter: Sandra Bailey) (Govt Atty: John Kacavus, Helen Fitzgibbon) (Defts Atty: James Moir) (USP: Melissa Elworthy)(Total Hearing Time: 2:05)(CJA Time: 2:25) (vln) (Entered: 05/24/2013) |
| 05/28/2013 | 45 | NOTICE OF APPEAL by Lisa Biron. (No fee paid, USA or IFP.) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms & Notices section of the First Circuit website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.]<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm** Designation of Exhibits Deadline set for 7/1/2013. (Moir, James) (Entered: 05/28/2013) |
| 05/28/2013 | | **ENDORSED ORDER granting 40 Motion to Seal Document 39** |

| | | |
|---|---|---|
| | | **Defendant's Sentencing Memorandum, at Level I as to Lisa Biron (1).** *Text of Order: Granted.* **So Ordered by Judge Paul J. Barbadoro. (vln)** (Entered: 05/28/2013) |
| 05/28/2013 | 46 | **JUDGMENT as to Lisa Biron (1), Count(s) 1s, 2s-7s, 8s, Sentenced to a total term of 480 months, and a lifetime term of supervised release with special conditions; $800 special assessment due immediately. So Ordered by Judge Paul J. Barbadoro. (vln)** (Entered: 05/28/2013) |
| 05/28/2013 | 47 | Appeal Cover Sheet as to Lisa Biron re 45 Notice of Appeal, (vln) (Entered: 05/28/2013) |
| 05/28/2013 | 48 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 45-48, as to Lisa Biron to USCA re 45 Notice of Appeal. Presentence Investigation Report is attached in a sealed envelope. A copy of the Notice of Appeal mailed to all parties this date. (vln) (Entered: 05/28/2013) |
| 05/29/2013 | | Appellate Case Number: First Circuit Court of Appeals 13-1698 for 45 Notice of Appeal, filed by Lisa Biron (vln) (Entered: 05/29/2013) |
| 06/18/2013 | | **COST CONTAINMENT INTERIM CJA 20: Authorization to Pay Cost Containment Interim Voucher No. 3 to James Moir, Esquire. Total Amount Paid this Voucher: $4,842.38. Certified by USDC Judge Paul Barbadoro on May 28, 2013. Approved by USCA Judge O. Rogeriee Thompson on June 12, 2013. (js)** Modified on 9/26/2013 to unseal entry (js). (Entered: 06/20/2013) |
| 09/13/2013 | 51 | TRANSCRIPT of Proceedings for Jury Selection held on January 8, 2013. Court of Appeals Docket Number 13-1698. Court Reporter: Sandra Bailey, Telephone # 603-225-1454. At the discretion of the presiding judge, the transcript of jury selection may not be available for public inspection. To the extent the jury selection is available for public inspection at the Clerk's Office, it may not be copied or otherwise reproduced for a period of 90 days. Only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 10/7/2013. Redacted Transcript Follow Up 10/18/2013. Release of Transcript Restriction set for 12/12/2013. (vln) (Entered: 09/13/2013) |
| 09/13/2013 | 52 | TRANSCRIPT of Proceedings as to Lisa Biron for Jury Trial, Day 2 held on January 9, 2013. Court of Appeals Docket Number 13-1698. Court Reporter: Sandra Bailey, Telephone # 603-225-1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court |

| | | |
|---|---|---|
| | | reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 10/7/2013. Redacted Transcript Follow Up 10/18/2013. Release of Transcript Restriction set for 12/12/2013. (vln) (Entered: 09/13/2013) |
| 09/13/2013 | 53 | TRANSCRIPT of Proceedings as to Lisa Biron for Jury Trial, Day 3 held on January 10, 2013. Court of Appeals Docket Number 13-1698. Court Reporter: Sandra Bailey, Telephone # 603-225-1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 10/7/2013. Redacted Transcript Follow Up 10/18/2013. Release of Transcript Restriction set for 12/12/2013. (vln) (Entered: 09/13/2013) |
| 09/13/2013 | 54 | TRANSCRIPT of Proceedings as to Lisa Biron for Sentencing held on May 23, 2013. Court of Appeals Docket Number 13-1698. Court Reporter: Sandra Bailey, Telephone # 603-225-1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 10/7/2013. Redacted Transcript Follow Up 10/18/2013. Release of Transcript Restriction set for 12/12/2013. (vln) (vln). (Entered: 09/13/2013) |
| 09/19/2013 | | **COST CONTAINMENT INTERIM CJA 20: Authorization to Pay Cost Containment Final Interim Voucher No. 4 to James Moir. Total Amount Paid this Voucher: $3,784.76. Certified by USDC Judge Paul Barbadoro on** |

| | | |
|---|---|---|
| | | **8/30/2013. Approved by USCA Judge O. Rogeriee Thompson on 9/19/2013. (js)** Modified on 9/26/2013 to unseal entry(js). (Entered: 09/26/2013) |
| 11/17/2014 | 56 | JUDGMENT entered by Jeffrey R. Howard, Appellate Judge; Rogeriee Thompson, Appellate Judge and William J. Kayatta, Jr., Appellate Judge. 13-1698 Affirmed. (vln) (Entered: 11/17/2014) |

| PACER Service Center | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 11/19/2014 12:46:53 | | | | |
| **PACER Login:** | du2703:3093026:4299065 | **Client Code:** | | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cr-00140-PB | |
| **Billable Pages:** | 8 | **Cost:** | 0.80 | |