IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA A. BIRON, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-772-O |
| | § | (Consolidated with No. 4:14-CV-823-O) |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court consolidated petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Lisa A. Biron, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petitions should be dismissed, in part, and/or denied, in part.

## I. BACKGROUND

Petitioner was charged in the United States District Court for the District of New Hampshire with transportation of a minor with intent to engage in criminal sexual activity, sexual exploitation of children, and possession of child pornography. Resp't's App., No. 4:14-CV-823-O, at 6, ECF No. 19. All charges involved her minor daughter, R.B. On December 4, 2012, before the criminal trial, the 9th Circuit-Family Division Court of Manchester, New Hampshire, ordered that Petitioner "shall not contact or attempt to contact R.B. either directly or indirectly" and "shall have no contact with R.B. including third party contact except that as may be deemed appropriate by and monitored by DCYF."[1] *Id.* at 6, 12. Also, on January 3, 2013, before the criminal trial, the convicting court, as

---

[1] "DCYF" stands for the Division for Children, Youth and Families of the State of New Hampshire's Department of Health and Human Services according to the Department's website.

an addendum to its detention order, ordered that Petitioner "shall have no contact  (either direct or indirect) with the minor victim between now and the resolution of this case." *Id.* at 21.  Following her convictions, Petitioner appealed, but, on November 14, 2014, the First Circuit affirmed the judgment of the convicting court, and, on March 23, 2015, the Supreme Court denied a petition for writ of certiorari.  *Id.* at 78; Order, Biron v. United States, 135 S. Ct. 1576 (2015).  Petitioner continues to serve her combined 480-month term of imprisonment.

These petitions are Petitioner's third and fourth petitions filed in this Court pursuant to 28 U.S.C. § 2241 raising the same or similar claims.  *See* Pet., Biron v. Upton, No. 4:14-CV-603-O, ECF No. 1; Pet., Biron v. Upton, No. 4:14-CV-627-A, ECF No. 1.  Specifically, Petitioner claims that the Bureau of Prisons (BOP) has brought numerous disciplinary charges against her for attempting to send mail to R.B. based on its erroneous contention that there exists a court order barring contact with R.B.  Pet. 1, ECF No. 1.  She challenges two such disciplinary proceedings conducted at FCI-Danbury in Connecticut involving incident report Nos. 2511967,  2543232 and 2545925.[2]  The first incident report charged Petitioner with "use of the mail for an illegal purpose or to commit or further a greatest category prohibited act," a Code 196 violation.  Resp't's App., No. 4:14-CV-823-O, at 45 & 56, ECF No. 19.  A disciplinary hearing officer (DHO) found Petitioner committed the prohibited act, and her punishment included loss of various privileges and good time credits.  *Id.* at 51.  On appeal, the charge was amended to "use of the mail for abuse other than criminal activity," a Code 296 violation.  *Id.* at 53.  The second and third incident reports charged Petitioner with "use of the mail for an illegal purpose or to commit or further a greatest category

---

[2]Incident report Nos. 2543232 and No. 2545925, although written on different dates, were resolved in the same disciplinary proceeding.

prohibited act," a Code 196 violation, and "use of the mail for abuse other than criminal activity which circumvent mail monitoring procedures," a Code 296 violation, respectively. *Id.* at 56, 66. A disciplinary hearing officer (DHO) found Petitioner committed the prohibited acts, and her punishment included loss of various privileges and good time credits. *Id.* at 72. Finally, Petitioner challenges a disciplinary proceeding conducted at FMC-Carswell involving incident report No. 2602170, wherein Petitioner was charged a third time with using "the mail for abuses other than criminal activity which circumvent mail monitoring procedures." Resp't's App, No. 4:14-CV-772-O, at 27, ECF No. 7. A DHO found Petitioner committed the prohibited act, and her punishment included loss of various privileges and good time credits. *Id.* at 44. According to Petitioner, there is no "no-contact" order in effect. Am. Pet., No. 4:14-CV-823-O, at 3, ECF No. 6. She requests the Court grant the petitions, expunge her disciplinary record, restore her lost good-time credits, and lift any and all remaining sanctions that resulted from the disciplinary proceedings. *Id.* at 11.

## II. EXHAUSTION

As a preliminary matter, Respondent asserts that Petitioner has exhausted her administrative remedies as to incident report No. 2511967 but that the petition in No. 4:14-CV-823-O as to incident report Nos. 2543232 and 2545925 and the petition in No. 4:14-CV-772-O as to incident report No. 2602170 should be dismissed because she failed to exhaust her administrative remedies as to the claims presented therein. Resp't's Resp., No. 4:14-CV-772-O, at 4-6, ECF No. 6; Resp't's Resp., No. 4:14-CV-823-O, at 7-10, ECF No. 7. As Petitioner is well aware, federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal

3

resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

Assuming Petitioner satisfied all levels of the appeal process in No. 4:14-CV-823-O as to incident report No. 2511967, the record contains no evidence through exhibits that she has exhausted the administrative remedy process relevant to the disciplinary proceedings involving incident report Nos. 2543232, 2545925, and 2602170.[3] Petitioner asserts that her efforts to exhaust the prison's administrative remedies have been thwarted because of transfers and because "Regional" has ignored the appeals, and thus rendered the remedy unavailable, rejected the appeals "in bad faith," or provided late rejection notices, preventing her from timely resubmitting them. According to Petitioner, any further attempts to exhaust would be futile. Pet'r's Reply 3-8, ECF No. 14. Petitioner's reasons are not supported by the record or do not constitute "exceptional circumstances" to excuse her failure to meet the exhaustion requirement. *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993). Therefore, the petition in No. 4:14-CV-823-O involving incident report Nos. 2543232 and 2545925 and the petition in No. 4:14-CV-772-O involving incident report No. 2602170 should be dismissed for failure to exhaust administrative remedies. Consequently, the following discussion

---

[3]Petitioner asserts that she appealed the regional decision in the FMC-Carswell disciplinary proceeding to the "Central Office," but she provides no proof of the outcome of the appeal, if any. Pet'r's Reply 7, ECF No. 14.

pertains only to the petition in No. 4:14-CV-823-O challenging the November 20, 2013, disciplinary proceeding at FCI-Danbury involving incident report No. 2511967.

## III.  DISCUSSION

In the context of a prison disciplinary proceeding resulting in the loss of good time credits, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).  In addition, there must be "some evidence" in the record that supports the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-56 (1985); *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004).

In incident report No. 2511967, Petitioner was charged with use of the mail to further criminal activity, a code 196 violation, on or about October 20, 2013.  Resp't's App., No. 4:14-CV-823-O, at 49, ECF No. 19.   Prison officials notified Petitioner of the disciplinary charges on November 4, 2013.  *Id.* at 46.  On November 5, 2013, prison officials notified Petitioner that a hearing would be held at a date to be determined, and she was advised of her rights at the hearing in writing.  *Id.* at 47-48.  The disciplinary hearing was held on November 20, 2013. *Id.* at 49. Petitioner, therefore received at least twenty-four-hour advance notice of the charges.  Petitioner requested, and received, a staff representative, however the staff representative was not available for the hearing and Petitioner volunteered to proceed with the hearing instead of rescheduling.  *Id.* During the hearing, Petitioner was given an opportunity to make a statement, present evidence, and call witnesses on her behalf.  *Id.* at 49-50.  And, on November 25, 2013, Petitioner was provided a

5

copy of the decision and was notified of her right to appeal.  *Id.* at 51-52.

The DHO stated in his report that the "specific evidence" relied upon to support his guilty

finding was (all punctuation and grammatical errors are in the original):

> An incident report written by Officer Nadeau, in which she stated the following: After completing an SIS investigation, the following was concluded.  On October 20, 2013 you attempted to communicate with the minor victim of your instant offense via third party means in violation of two court ordered "no contact orders" (no indirect or direct contact).  Specifically, you attempted to mail a letter to [M.B.] in which you used a code name of "cousin Erin' to refer to the minor victim.  The information about "cousin Erin" is directly related to the minor victim (dog's name Gunner, Mount Zion and Burton schools).  You admitted that you can have communication with the minor victim if you go through DCYF but you wrote the letter to [M.B.] because you did not want "you people" preventing you from talking to the victim. In a letter to [M.B.] dated 10-28-13 you admit, you "sent out a letter so that R.[B.] (minor victim) could be emailed."

> The DHO considered your statement that there is no current court order prohibiting you from contacting your daughter.  However, the DHO did not find this suffice to exonerate you from this misconduct.  The DHO did not have any information showing the original court order "no contact order" was ever lifted or removed. Consequently, the DHO found that you violated your court order by contacting the victim of your instant offense via [a] 3rd party.

*Id.* at 21, 51.

The DHO officer also relied upon the letter and envelope, court orders, and emails as

specified in his report.  *Id.* at 50.

In denying Petitioner's appeal of the DHO's decision, the Regional Director stated:

> You appeal the November 20, 2013, decision of the Discipline Hearing Officer (DHO) at FCI Danbury finding you committed the prohibited act of Use of the Mail for Abuses to further Criminal Activity, Code 196, Incident Report No. 2511967. You deny committing the prohibited act, and argue you are not subject to a no-contact order.  You request that the Incident Report be expunged.

> The DHO reasonably determined you committed a prohibited act based on the following.  On October 20, 2013, you wrote a letter to a third party attempting to communicate with the victim of your crime.  You attempted to hide the identity of

6

the victim by writing in code and referring to her as "cousin Erin."

A review of the record reveals the charge will be amended to Use of the Mail for Abuse other than Criminal Activity, Code 296. The sanction of disallowance of 40 days good conduct time will reflect a disallowance of 27 days good conduct. The remaining sanctions will be unchanged.

The record in this case reflects substantial compliance with Program Statement 5270.09, <u>Inmate Discipline</u>. The decision of the DHO was based upon the greater weight of the evidence, and the sanctions imposed were consistent with the severity level of the prohibited act. The sanctions imposed . . . were not disproportionate to your misconduct.

*Id.* at 53.

Petitioner claims that the amended misconduct charge violated her due process rights to notice and a hearing, however the Court finds no legal authority to support the assertion. Am. Pet. 10, ECF No. 6. On the contrary, support exists that where a disciplinary charge is modified after conviction during administrative appeals, a revised notice and new hearing are not required so long as the facts and evidence support both charges. *See Northern v. Hanks,* 326 F.3d 909, 910-11 (7th Cir. 2003) (per curiam) (no due process violation in modifying conspiracy and bribery charges during administrative appeal since facts provided in original conduct report and adduced at disciplinary hearing also supported new charge of attempted trafficking); *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992), *cert. denied,* 506 U.S. 865 (1992) (no due process violation where a prison disciplinary committee without prior notice modified charge of "possession of contraband" to "possession of dangerous contraband" since same facts supported both charges). Here, the factual basis of the incident report gave Petitioner all the information she needed to defend against either misconduct charge, and the modification did not expose Petitioner to any additional punishment. In fact, as a result of the modification, the severity level of the prohibited act was lowered and

7

thirteen days of good conduct were reinstated.  Resp't's App., No. 4:14-CV-823-O, at 53, ECF No. 19.  Thus, the change did not deny Petitioner her due process rights.

Petitioner claims there is no evidence to support the DHO's finding as no "no-contact" order exists.  The DHO's decision must be supported by "some evidence."  *Hill,* 472 U.S. at 454-55; *Wolff,* 418 U.S. at 563-66.  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill*, 472 U.S. at 455.  The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the DHO.  *Id.* at 455-56.  In this case, there was some evidence to support the DHO's conclusion that Petitioner committed the prohibited act.  Not only did the DHO consider the incident report, which standing alone can satisfy the "some evidence" standard, he considered other documentary exhibits, including the letter and envelop, relevant court orders, and emails.  *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001).

Finally, to the extent the disciplinary proceeding resulted in loss of privileges, which do not impact the fact or duration of confinement, the petition does not raise a cognizable constitutional claim on federal habeas review.  *See Malchi v. Thaler,* 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Berry v. Brady,* 192 F.3d 504, 508 (5th Cir. 1999).

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petitions in 4:14-CV-823-O as to incident report Nos. 2543232 and 2545925 and in 4:14-CV-772-O are DISMISSED for failure to exhaust

administrative remedies and Petitioner's petition in 4:14-CV-823-O as to incident report No. 2511967 is DENIED.

**SO ORDERED** on this 9th day of June, 2015.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**