CTJ   Case: 15-10607   Document: 00513867999   Page: 1   Date Filed: 02/08/2017

Case 4:14-cv-00772-O   Document 28   Filed 02/09/17   Page 1 of 4   PageID 292

**FILED**
February 09, 2017
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
November 23, 2016
Lyle W. Cayce
Clerk

No. 15-10607
Summary Calendar

LISA A. BIRON,

        Petitioner-Appellant

v.

JODY UPTON, Warden, Federal Medical Center Carswell,

        Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-772-O
USDC No. 4:14-CV-823

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Lisa Biron, federal prisoner # 12775-049, filed a 28 U.S.C. § 2241 petition in the District of Connecticut to challenge three disciplinary convictions. Biron incurred a fourth disciplinary conviction after her transfer to a Bureau of Prisons (BOP) facility at FMC Carswell, where she is presently incarcerated, and she filed another § 2241 petition to challenge that disciplinary conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which like the others, resulted in punishments that included the loss of good conduct time. The Connecticut federal district court transferred Biron's first § 2241 petition to the Northern District of Texas.

The Government answered the petitions, arguing that Biron's challenges to her disciplinary convictions lacked merit and that Biron's challenges to three of her disciplinary convictions should be dismissed because she had failed to exhaust her administrative remedies. Biron filed a reply. After consolidating the petitions, the district court addressed the merits of Biron's challenge to the disciplinary conviction associated with Incident Report 2511967 and denied habeas relief. The district court dismissed Biron's claims as to the disciplinary convictions associated with Incident Reports 2543232, 2545925, and 2602170 for failure to exhaust administrative remedies. Biron timely appealed.

As to the disciplinary conviction associated with Incident Report 2511967, Biron argues that she was denied notice and the opportunity to defend herself when the Regional Director changed her disciplinary conviction from a Code 196 violation to a Code 296 violation. She also contends that she violated no prison rule and that there was no evidence to support the disciplinary conviction.

The record shows that the same facts alleged to support the original Code 196 charge provided the basis for Biron's conviction of a Code 296 violation. Biron's rights to notice and to the opportunity to defend herself therefore were not abridged. *See Downs v. Wages*, 62 F.3d 395, 1995 WL 450196, *1-2 (5th Cir. July 3, 1995) (unpublished). Further, a Code 296 violation can be committed in various ways, including "writing letters in code." 28 C.F.R. § 541.3(a). The record establishes that Biron wrote a letter, addressed to her father, which contained a message intended for her minor daughter, whom Biron referred to as "my Cousin Erin." Based on the foregoing, there was some

evidence to support the disciplinary conviction. *See Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).

Biron contends that the district court abused its discretion in dismissing her challenges to the disciplinary convictions associated with Incident Reports 2543232, 2545925, and 2602170 for failure to exhaust administrative remedies. She argues that (1) because the issue of a "no contact" order was common to all of her administrative appeals, and that issue was resolved in her initial administrative appeal, she should be deemed to have exhausted the issue for purposes of subsequent administrative appeals, (2) the BOP made administrative remedies unavailable in various ways, and (3) her failure to exhaust should be excused because the pursuit of administrative remedies was futile. After a thorough review of the record in light of Biron's arguments, we conclude that Biron has failed to establish that the district court abused its discretion in dismissing her claims for failure to exhaust administrative remedies. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Further, as to Biron's challenge to the disciplinary conviction associated with Incident Report 2602170, we affirm for the additional reason that Biron was "required to exhaust [her] administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Id.*

Finally, Biron asserts that it was plain error for the Connecticut federal district court to allow the BOP to transfer her to a facility in Texas after she had filed a § 2241 petition in the District of Connecticut, and she requests that we order the BOP to transfer her back to its Northeast Region. We have held that "[t]he hallmark of a statute that has not created a liberty interest is discretion," and "[w]here the statute grants the prison administration discretion, the government has conferred no right on the inmate." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). In view of the BOP's broad

No. 15-10607

discretion in designating the place of a prisoner's incarceration, *see* 18 U.S.C. § 3621(b), there was no error, plain or otherwise.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Richardson*, 501 F.3d at 419.

    AFFIRMED.